| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 8/14/2023 |

DR. LORI A. BRIGHTMAN, an individual,

                Plaintiff,

-against-

INMODE LTD., a foreign limited liability corporation, DOES 1 – 10, INCLUSIVE; and ROE CORPORATIONS 11 – 20, INCLUSIVE,

                Defendants.

1:22-cv-5861 (MKV)

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

This case concerns a stock option dispute between Plaintiff Dr. Lori Brightman and Defendant InMode Ltd. ("InMode"). InMode has moved to dismiss the case for, among other reasons, *forum non conveniens*.[1] For the reasons stated below, that motion is granted.

## BACKGROUND[2]

Plaintiff is a board-certified dermatologist and dermatologic surgeon. AC ¶ 7. In 2009, Plaintiff agreed to conduct a clinical trial for InMode, an Israeli corporation, in exchange for 7,500 stock options—an arrangement which was initially sketched out in an email. AC ¶¶ 9, 15–18. Roughly a year later, after the clinical trial was largely completed, the parties executed two documents—the Notice of Stock Option Award (the "2010 Notice") and the corresponding Stock

---

[1] In support of its motion, InMode filed a Memorandum of Law [ECF No. 23] ("Def. Br."), as well as the Declaration of Yair Malca [ECF No. 24] ("Malca Decl.") and attached exhibits. In opposition, Plaintiff filed a Memorandum of Law [ECF No. 26] ("Opp."), the Declaration of Lori A. Brightman [ECF No. 26-1] ("Brightman Decl."), and the Declaration of Joshua Reitzas [ECF No. 27] ("Reitzas Decl."). InMode filed a Memorandum of Law in Reply [ECF No. 28] ("Reply Br.").

[2] "On a motion to dismiss for *forum non conveniens* that is decided without a factual hearing, the Court must accept as true the facts alleged in the complaint, but may also consider certain evidence outside the pleadings, including affidavits." *Little v. XL Ins. Co. SE*, No. 18-cv-11919, 2019 WL 6119118, at *2 (S.D.N.Y. Nov. 18, 2019). Accordingly, the following facts are drawn from the Amended Complaint [ECF No. 21] and are assumed to be true or, where noted, from declarations submitted by the parties.

1

Option Award Agreement (the "2010 Agreement")—which set out the terms of the stock option award in greater detail. AC ¶¶ 18–19.

Plaintiff took issue with certain terms in the 2010 Agreement. For example, the agreement stated that Plaintiff was entitled to 7,000 stock options, as opposed to the 7,500 figure she alleges was previously agreed upon, and the agreement also contained expiration terms which the parties allegedly had not previously discussed. AC ¶¶ 19–20. More importantly for present purposes, the 2010 Agreement also contained an exclusive forum selection clause, which stated:

> [T]he [parties] agree . . . (ii) in such a case of any suit, action, or proceeding arising out of or relating to the [2010] Notice, the Plan, or this Option Agreement, it shall be brought before the competent court in the City of Haifa, Israel, and that the parties shall submit to the exclusive jurisdiction of such court; (iii) to irrevocably waive, to the fullest extent permitted by law, any objection a party may have to the laying of venue for any such suit, action or proceeding brought in such court.

Malca Decl., Ex. B § 12. Plaintiff objected to the 2010 Agreement, but she decided to sign it after being advised by an InMode representative that it was only a placeholder and that a revised agreement would follow. AC ¶ 20. A revised agreement was never sent. Brightman Decl. ¶ 9.

Nearly ten years later, InMode had its initial public offering. AC ¶ 56. When Plaintiff first found out about the offering (two years after it occurred), she contacted InMode to ask about the stock options she was owed pursuant to the 2010 Agreement. AC ¶ 57. Upon doing so, Plaintiff was informed that her stock options had expired under the terms of the 2010 Agreement and that, as a result, she was not entitled to exercise those options. AC ¶ 58. Plaintiff also has been unable to exercise the thousands of additional stock options that she allegedly earned pursuant to oral agreements entered in 2009 and 2011—pursuant to which she performed extra work on behalf of InMode. AC ¶¶ 24–36.

2

## PROCEDURAL HISTORY

Plaintiff initiated this action by filing a complaint, which asserts six causes of action grounded in breach of contract and fraud. [ECF No. 1]. Plaintiff later filed an amended complaint—the operative complaint in this case—which asserts the same causes of action.[3] [ECF No. 21]. InMode moved to dismiss the case primarily on the grounds of *forum non conveniens*.[4] [ECF No. 23]. Plaintiff opposed that motion [ECF No. 26], and InMode replied [ECF No. 28].

## DISCUSSION

"A valid and enforceable contractual forum-selection clause can constitute sufficient grounds for dismissal." *Yovel-Bash v. Wellesley Asset Secured Portfolio, Inc.*, No. 12-cv-5280, 2013 WL 4781539, at *8 (E.D.N.Y. Sept. 5, 2013). In determining whether the *presumption* of enforceability applies to a forum-selection clause, a district court must consider three factors: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, *i.e.*, whether the parties are required to bring any dispute to the designated forum or [are] simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (cleaned up).

Here, the parties do not dispute that the presumption of enforceability applies to the forum-selection clause contained in the 2010 Agreement. As a result, the Court must turn to the fourth and final factor of the enforceability inquiry, which asks whether the non-moving party has made

---

[3] The Amended Complaint also added Does 1–10 and Roe Corporations 11–20 as defendants. However, no allegations were made with respect to these unidentified defendants, and it is unclear why they were added or which entities they are meant to represent.

[4] InMode also argued that the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations are time barred or, in the alternative, because they fail to state a claim up on which relief can be granted. [ECF No. 23]. Because the Court concludes that the case must be dismissed on the grounds of *forum non conveniens*, it need not and does not reach the other grounds for dismissal advanced by InMode.

3

Case 1:22-cv-05361-DMK Document 29 Filed 08/14/23 Page 4 of 6

"a sufficiently strong showing that enforcement would be unreasonable or unjust."[5] *Id.* (internal quotation marks omitted). Such a showing can be made by demonstrating that "(1) incorporation of [the forum-selection clause] was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of [her] day in court." *Id.* at 228 (internal quotation marks omitted).

Plaintiff first claims fraud. Specially, Plaintiff claims that she was fraudulently induced into signing the 2010 Agreement by a false promise that the agreement was merely a placeholder and that a revised version would follow.[6] But this is not enough. It is well settled that "[f]raud in the inducement of [an] [a]greement, as distinct from fraud in the inducement of the forum selection clause specifically, is insufficient to defeat the forum selection clause." *BMR & Assocs., LLP v. SFW Cap. Partners, LLC*, 92 F. Supp. 3d 128, 137 (S.D.N.Y. 2015). Here, Plaintiff alleges only fraud in the inducement of the 2010 Agreement. AC ¶¶ 19–20. There is no allegation in the Amended Complaint, or assertion in the Brightman Declaration, that Plaintiff specifically objected to the forum-selection clause or that InMode made any promise with respect to that specific clause.

Plaintiff does argue in her opposition brief that she specifically objected to the inclusion of the forum-selection clause and that she was fraudulently induced into signing the 2010 Agreement

---

[5] This final factor is governed by federal law. *See Est. of Nelson v. MillerKnoll, Inc.*, No. 21-cv-7811, 2023 WL 3159678, at *3 (S.D.N.Y. Apr. 28, 2023). Accordingly, any "argument that the clause[] [is] invalid under the laws of New York . . . is misplaced." *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 381 n.24 (S.D.N.Y. 2001).

[6] Plaintiff also argues that the addition of a forum-selection clause is a material alteration from the original stock option agreement—memorialized over email—and that, as a result, additional consideration was required absent her consent. Opp. at 10. While Plaintiff seems to frame this as an independent argument concerning consideration, the argument turns on whether Plaintiff consented to the forum-selection clause or whether that clause was the result of fraud. Opp. at 11. Accordingly, analysis of Plaintiff's argument on this score will be folded into an evaluation of her broader fraud-based claim.

4

based on the assurance that the clause would be removed from the revised agreement. Opp. at 11–12. However, there is no evidentiary support for this assertion and "the Court cannot consider allegations that the plaintiff[] raise[s] for the first time in [her] brief opposing the motion to dismiss." *Presbyterian Healthcare Servs. v. Goldman Sachs & Co.*, No. 15-cv-6579, 2017 WL 1048088, at *13 (S.D.N.Y. Mar. 17, 2017) (internal quotation marks omitted). And even if those new allegations could be considered, they are deficient insofar as Plaintiff does not explain who made the alleged promise that the clause would be removed, where and when this alleged promise was made, or any other details needed to satisfy the heightened pleading standard that applies when a plaintiff seeks to invalidate a forum-selection clause based on fraud. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *see also Chen v. Cenntro Elec. Grp.*, No. 22-cv-7760, 2023 WL 2752200, at *4 (S.D.N.Y. Mar. 31, 2023).

Plaintiff next argues that forcing her to litigate in Israel would be unfair and inconvenient because "[i]t would be difficult, if not impossible, for [her] to afford to travel to Israel or retain an Israeli attorney, and it makes little sense when many of the key witnesses are stateside." Opp. at 13. The Court does not doubt litigating in New York would be more convenient for Plaintiff. But InMode is an Israeli corporation. So, "[r]egardless of whether the case is tried in Israel or New York, one party will be inconvenienced, and will be forced to bring witnesses and documents to the selected forum." *Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 122, 126 (S.D.N.Y. 1986). In any event, the Second Circuit has explained that the sort of expense and inconvenience that Plaintiff complains about are nothing more than "the obvious concomitants of litigation abroad," and are insufficient on their own to defeat a valid forum-selection clause. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 393 (2d Cir. 2007).

5

Accordingly, Plaintiff has failed to satisfy her burden of "making a sufficiently strong showing that enforcement [of the forum-selection clause] would be unreasonable or unjust." *Martinez*, 740 F.3d at 217.

## CONCLUSION

For the reasons stated herein, the motion to dismiss filed by InMode is GRANTED. This action is therefore dismissed without prejudice to it being refiled in the proper forum. The Clerk of Court respectfully is requested to close all pending motions and close the case.

**SO ORDERED.**

**Date: August 14, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

6