# ADDENDUM A

*DESCRIPTION OF ACTION:* Plaintiff Lori A. Brightman ("Dr. Brightman") is a widely renowned, board-certified dermatologist and dermatologic surgeon. On April 9, 2009, Dr. Brightman agreed to perform services for Defendant InMode, Ltd. ("InMode") in exchange for 7,500 stock options when InMode went public. This agreement was memorialized in an April 5, 2009 email with InMode's CEO, Moshe' Mizrahy.

On April 10, 2010, after Dr. Brightman had substantially performed the work as set forth in the existing agreement memorialized in the April 5, 2009 email, Mizrahy presented Dr. Brightman with a new written agreement that unilaterally <u>decreased</u> the number of her stock options from 7,500 to 7,000, and added new terms and conditions that the parties had never discussed or negotiated including a forum selection clause. These changes were not supported by any new consideration for the work she had substantially completed. In fact, the new written agreement actually **reduced** the amount of the consideration, stock options, Dr. Brightman was to receive from 7.500 to 7,000. When she received this new written agreement in April 2010, Dr. Brightman protested the new terms. InMode's CEO fraudulently induced her to sign the revised contract based on his assurances that it was merely a placeholder and that the parties would execute a corrected version later. The corrected version never followed.

Later, between 2009 and 2011, InMode's President (Brian Lodwig) solicited Dr. Brightman to perform new discrete services for InMode in exchange for stock options due when InMode went public. By October 2011, Dr. Brightman had earned 45,000 stock options based on the agreements made by Mr. Lodwig for InMode. On October 13, 2011, Dr. Brightman specifically inquired of Brian Lodwig about the status of these 45,000 stock options she had earned for her work. Brian Lodwig

assured her that they "had her back," that no additional documentation was necessary, and that she was "all set."

InMode made its initial public offering in August 2019. When she learned InMode had gone public, Dr. Brightman contacted InMode's CEO to inquire as to the stock options. She was told that her stock options had expired. Dr. Brightman filed suit against InMode accordingly and included with her complaint the declaration of InMode's former President Brian Lodwig acknowledging the validity of her claim. Dr. Brightman asserted claims for Negligent Misrepresentation, Promissory Estoppel, Unjust Enrichment, Fraud, Declaratory Relief and Specific Performance, and Breach of the Implied Covenants of Good Faith and Fair Dealing.

*RESULT BELOW:* The district court granted InMode's Motion to Dismiss under FRCP 12(b)(3) and dismissed the case without prejudice so that it could be pursued in Israel as required by the forum selection clause included in the April 2010 agreement.

*ATTACHMENTS:*

**A1** – NOTICE OF APPEAL & CURRENT COPY OF TRIAL COURT'S DOCKET SHEET

**A2** – District Court's August 14, 2023 Opinion and Order Granting Defendant's Motion to Dismiss (ECF No. 29).

**A3** -   District Court's Judgment (ECF No. 30).

There are no transcripts.

# ADDENDUM B

# STATEMENT OF ISSUES ON APPEAL AND APPLICABLE APPELLATE STANDARD OF REVIEW

1. Did the district court improperly conclude that the forum selection clause in the April 2010 agreement was enforceable despite: (a) the absence of consideration to support modification of the April 2009 agreement, and (b) allegations in the complaint and in the record evidencing that Dr. Brightman was fraudulently induced to sign the April 2010 agreement?

*Standard of Review:*

The standard of review is set forth in *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 384 (2nd Cir 2007):

> Where the district court has relied on pleadings and affidavits to grant a Rule 12(b)(3) motion to dismiss on the basis of a forum selection clause, our review is de novo. See *Asoma Corp. v. SK Shipping Co.*, 467 F.3d 817, 822 (2d Cir. 2006); *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005) (adopting standard applied in Rule 12(b)(2) dismissals to review of Rule 12(b)(3) dismissals). In analyzing whether the plaintiff has made the requisite prima facie showing that venue is proper, we view all the facts in a light most favorable to plaintiff. See *New Moon Shipping Co. v. Man B&W Diesel AG*, 121 F.3d 24, 29 (2d Cir. 1997). Contract interpretation as a question of law

is also reviewed de novo on appeal. *Lee v. BSB Greenwich Mortgage L.P.*, 267 F.3d 172, 178 (2d Cir. 2001).

2. Did the trial court improperly dismiss Dr. Brightman's quasi-contractual and tort claims arising from verbal agreements made with InMode's President Brian Lodwig that were not part of the April 10, 2010 agreement?

The standard of review is de novo. *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 384 (2nd Cir 2007). A forum selection clause is enforceable if the claims in question are encompassed by the forum selection clause. *Phillips v. Audio Active, Ltd.*, 494 F.3d 378, 386-87 (2nd Cir 2007). The question of the scope of a forum selection clause is one of contract interpretation. "[i]n order for us to affirm the district court with respect to summary judgment, we must determine that the contract is so clear that it can be read only one way." *American Flint Glass Workers Union v. Beaumont Glass Co.*, 62 F.3d 574, 580-81 (3d Cir. 1995).

**BERLANDI NUSSBAUM & REITZAS LLP**
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 804-6329 (Ph)
(646) 461-2312 (fax)
*Attorneys for Plaintiff Dr. Lori A. Brightman*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DR. LORI A. BRIGHTMAN, an individual, <br><br> Plaintiff, <br><br> v. <br><br> INMODE LTD., a foreign limited liability corporation; DOES 1 – 10, INCLUSIVE; AND ROE CORPORATIONS 11-20, INCLUSIVE, <br><br> Defendants. | Case No.: 1:22-cv-05861-MKV |

**NOTICE OF APPEAL FOR PLAINTIFF LORI A. BRIGHTMAN**

Notice is hereby given that Plaintiff DR. LORI A. BRIGHTMAN in the above-named case hereby appeals to the United States Court of Appeals for the Circuit from the final judgment (ECF No. 30) and opinion and order granting motion to dismiss (ECF No. 29) entered in this action on the day of 14th date of August, 2023.

Dated:  August 29, 2023
        New York, New York

                                         **BERLANDI NUSSBAUM & REITZAS LLP**

                          By:    __/s/ Joshua T. Reitzas_____
                                 Joshua T. Reitzas (JR2149)
                                 125 Park Avenue, 25th Floor
                                 New York, New York 10017
                                 (212) 804-6329 (Ph)
                                 (646) 461-2312 (fax)
                                 *Attorneys for Plaintiff Dr. Lori A. Brightman*

CLOSED,APPEAL,ECF

# U.S. District Court
## Southern District of New York (Foley Square)
### CIVIL DOCKET FOR CASE #: 1:22−cv−05861−MKV

| | |
|---|---|
| Brightman v. InMode Ltd et al | Date Filed: 07/08/2022 |
| Assigned to: Judge Mary Kay Vyskocil | Date Terminated: 08/14/2023 |
| Cause: 28:1332bc Diversity−Breach of Contract | Jury Demand: Plaintiff |
| | Nature of Suit: 190 Contract: Other |
| | Jurisdiction: Diversity |

**Plaintiff**

**Dr. Lori A. Brightman**  represented by  **Joseph P Garin**
*an individual*  Lipson Neilson P.C.
9900 Covington Cross Drive
Suite 120
Las Vegas, NV 89144
702−382−1500
Fax: 702−382−1512
Email: kglad@lipsonneilson.com
*ATTORNEY TO BE NOTICED*

**Megan H Thongkham**
Lipson Neilson P.C.
9900 Covington Cross Drive
Suite 120
Las Vegas, NV 89144
702−382−1500
Email: mthongkham@lipsonneilson.com
*ATTORNEY TO BE NOTICED*

**Joshua T. Reitzas**
Berlandi Nussbaum & Reitzas LLP
1515 Broadway, 12th Floor
New York, NY 10036
(917)−902−6582
Fax: (646)−461−2312
Email: jreitzas@bnrllp.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**InMode Ltd**  represented by  **Brian David Koosed**
*a foreign limited liability corporation*  K&L Gates (DC)
1601 K Street, N.W.
Washington, DC 20006
202−778−9000
Fax: 202−778−9100
Email: brian.koosed@klgates.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Does 1−10, Inclusive**

**Defendant**

**Roe Corporations 11−20, Inclusive**

| Date Filed | # | Docket Text |
|---|---|---|

| | | |
|---|---|---|
| 07/08/2022 | 1 | COMPLAINT against InMode Ltd. (Filing Fee $ 402.00, Receipt Number ANYSDC–26389650)Document filed by Lori Brightman. (Attachments: # 1 Civil Cover Sheet Summons).(Reitzas, Joshua) (Entered: 07/08/2022) |
| 07/11/2022 | | CASE OPENING INITIAL ASSIGNMENT NOTICE: The above–entitled action is assigned to Judge Cathy Seibel. Please download and review the Individual Practices of the assigned District Judge, located at https://nysd.uscourts.gov/judges/district–judges. Attorneys are responsible for providing courtesy copies to judges where their Individual Practices require such. Please download and review the ECF Rules and Instructions, located at https://nysd.uscourts.gov/rules/ecf–related–instructions..(pc) (Entered: 07/11/2022) |
| 07/11/2022 | | Magistrate Judge Paul E. Davison is so designated. Pursuant to 28 U.S.C. Section 636(c) and Fed. R. Civ. P. 73(b)(1) parties are notified that they may consent to proceed before a United States Magistrate Judge. Parties who wish to consent may access the necessary form at the following link: https://nysd.uscourts.gov/sites/default/files/2018–06/AO–3.pdf. (pc) (Entered: 07/11/2022) |
| 07/11/2022 | | Case Designated ECF. (pc) (Entered: 07/11/2022) |
| 07/11/2022 | | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Joshua T. Reitzas. The party information for the following party/parties has been modified: DR Lori Brightman, InMode Ltd. The information for the party/parties has been modified for the following reason/reasons: party name contained a typographical error; party text was omitted;. (pc) (Entered: 07/11/2022) |
| 07/11/2022 | | ***NOTICE TO ATTORNEY TO ELECTRONICALLY FILE CIVIL COVER SHEET. Notice to Attorney Joshua T. Reitzas. Attorney must electronically file the Civil Cover Sheet. Use the event type Civil Cover Sheet found under the event list Other Documents. (pc) (Entered: 07/11/2022) |
| 07/11/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT REQUEST FOR ISSUANCE OF SUMMONS. Notice to Attorney Joshua T. Reitzas to RE–FILE Document No. 1 Complaint. The filing is deficient for the following reason(s): the wrong event type was used to file the request for issuance of summons;. Re–file the document using the event type Request for Issuance of Summons found under the event list Service of Process – select the correct filer/filers – and attach the correct summons form PDF. (pc) (Entered: 07/11/2022) |
| 07/11/2022 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Joshua T. Reitzas re: Document No. 1 Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF;. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents... (pc) (Entered: 07/11/2022) |
| 07/11/2022 | 2 | REQUEST FOR ISSUANCE OF SUMMONS as to InMode Ltd, re: 1 Complaint. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 07/11/2022) |
| 07/11/2022 | 3 | CIVIL COVER SHEET filed..(Reitzas, Joshua) (Entered: 07/11/2022) |
| 07/12/2022 | 4 | ELECTRONIC SUMMONS ISSUED as to InMode Ltd. (vf) (Entered: 07/12/2022) |
| 08/04/2022 | 5 | MOTION for Joseph P. Garin to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26505104. Motion and supporting papers to be reviewed by Clerk's Office staff. Document filed by Lori A. Brightman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Garin, Joseph) (Entered: 08/04/2022) |
| 08/05/2022 | | >>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 5 MOTION for Joseph P. Garin to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC–26505104. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz) (Entered: 08/05/2022) |
| 08/05/2022 | 6 | ORDER granting 5 Motion for Joseph P. Garin to Appear Pro Hac Vice (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (JR) (Entered: 08/05/2022) |

| | | |
|---|---|---|
| 09/02/2022 | 7 | AFFIDAVIT OF SERVICE of Summons served on InMode Ltd. on August 16, 2022. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 09/02/2022) |
| 09/13/2022 | 8 | PROPOSED STIPULATION AND ORDER. Document filed by InMode Ltd..(Koosed, Brian) (Entered: 09/13/2022) |
| 09/13/2022 | 9 | RELATED CASE AFFIDAVIT of Brian Lodwig (Exhibit A to Complaint) re: that this action be filed as Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 09/13/2022) |
| 09/16/2022 | 10 | STIPULATION: IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel in the above−captioned matter, as follows: InMode agrees to answer, move, or otherwise respond to the Complaint on or before October 27, 2022, as further set forth herein. If InMode wishes to move to dismiss, it shall seek a pre−motion conference in accordance with my Individual Practices. IT IS SO ORDERED. InMode Ltd answer due 10/27/2022. (Signed by Judge Cathy Seibel on 9/13/2022) (mml) (Entered: 09/16/2022) |
| 09/20/2022 | 11 | MOTION for Megan H. Thongkham to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26708490. **Motion and supporting papers to be reviewed by Clerk's Office staff.** Document filed by Lori A. Brightman. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C).(Thongkham, Megan) (Entered: 09/20/2022) |
| 09/21/2022 | | **>>>NOTICE REGARDING PRO HAC VICE MOTION. Regarding Document No. 11 MOTION for Megan H. Thongkham to Appear Pro Hac Vice . Filing fee $ 200.00, receipt number ANYSDC−26708490. Motion and supporting papers to be reviewed by Clerk's Office staff.. The document has been reviewed and there are no deficiencies. (sgz)** (Entered: 09/21/2022) |
| 09/21/2022 | 12 | ORDER granting 11 Motion for Megan H. Thongkham to Appear Pro Hac Vice (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 09/21/2022) |
| 10/11/2022 | 13 | LETTER MOTION for Conference re: 10 Stipulation and Order,, Set Deadlines, addressed to Judge Cathy Seibel from Brian D. Koosed dated October 11, 2022. Document filed by InMode Ltd. (Attachments: # 1 Exhibit A− Notice of Award, # 2 Exhibit B− Option Agreement, # 3 Exhibit C− Row Option Plan).(Koosed, Brian) (Entered: 10/11/2022) |
| 10/11/2022 | 14 | ORDER granting 13 Letter Motion for Conference: Telephonic Pre−Motion Conference set for 11/16/22 at 12:15 pm. Call 877−336−1839 and enter access code 1047966#. Plaintiff shall state her position, by letter of no more than 3 pages, no later than 11/9/22. (HEREBY ORDERED by Judge Cathy Seibel)(Text Only Order) (Seibel, Cathy) (Entered: 10/11/2022) |
| 11/08/2022 | 15 | FIRST LETTER addressed to Judge Cathy Seibel from Joshua T. Reitzas dated 11/08/2022 re: Brightman v. InMode, Ltd.. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 11/08/2022) |
| 11/16/2022 | | NOTICE OF CASE REASSIGNMENT to Judge Mary Kay Vyskocil. Judge Cathy Seibel is no longer assigned to the case. (aea) (Entered: 11/16/2022) |
| 11/16/2022 | | Magistrate Judge Stewart D. Aaron is so redesignated. (aea) (Entered: 11/16/2022) |
| 11/16/2022 | | Minute Entry for proceedings held before Judge Cathy Seibel: Pre−Motion Conference held on 11/16/2022. Plaintiff's counsel(s) Joseph Garin, Esq. and Joshua Reitzas, Esq. appear telephonically. Defendants' counsel(s) Brian Koosed, Esq. and Kodey Haddox, Esq. appear telephonically. Law Clerk Jane Ramage appears telephonically. The parties inform the Court that this case should be held in Manhattan. The Court will issue a transfer of assignment. This proceeding was recorded via the AT&T Teleconference platform. (wc) (Entered: 11/16/2022) |
| 11/29/2022 | 16 | SCHEDULING ORDER: IT IS HEREBY ORDERED that, by December 6, 2022, Plaintiff shall file a letter informing the Court and Defendants whether Plaintiff intends to file an amended complaint. This will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre−motion letters. IT IS FURTHER ORDERED that, if Plaintiff elects to amend, it shall file the amended complaint by December 13, 2022. Defendants shall respond within 14 days. If Defendants respond |

|  |  | with a motion to dismiss, Plaintiff shall file any opposition by January 20, 2023. Defendants shall file any reply by February 3, 2023. IT IS FURTHER ORDERED that, if Plaintiff elects not to amend, Defendants shall file their contemplated motion by December 20, 2022. Any opposition shall be filed by January 20, 2023, and any reply shall be filed by February 3, 2023. Any request for an extension or adjournment shall be made by letter filed on ECF and must be received at least 48 hours before the deadline. SO ORDERED. Amended Pleadings due by 12/13/2022. Motions due by 12/20/2022. Responses due by 1/20/2023 Replies due by 2/3/2023. (Signed by Judge Mary Kay Vyskocil on 11/29/2022) (tg) (Entered: 11/29/2022) |
|---|---|---|
| 12/05/2022 | 17 | FIRST LETTER addressed to Judge Mary Kay Vyskocil from Berlandi Nussbaum & Reitzas LLP dated December 5, 2022 re: Amending Complaint. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 12/05/2022) |
| 12/09/2022 | 18 | JOINT LETTER MOTION for Extension of Time addressed to Judge Mary Kay Vyskocil from Brian D. Koosed dated December 9, 2022. Document filed by InMode Ltd..(Koosed, Brian) (Entered: 12/09/2022) |
| 12/12/2022 | 19 | ORDER granting 18 Letter Motion for Extension of Time. Granted. SO ORDERED. Amended Pleadings due by 12/27/2022. Motions due by 1/13/2023. (Signed by Judge Mary Kay Vyskocil on 12/12/2022) (tg) (Entered: 12/12/2022) |
| 12/12/2022 |  | Set/Reset Deadlines: Responses due by 2/9/2023 Replies due by 2/24/2023. (tg) (Entered: 12/12/2022) |
| 12/27/2022 | 20 | **FILING ERROR – DEFICIENT DOCKET ENTRY – FILED AGAINST PARTY ERROR** – FIRST AMENDED COMPLAINT amending 1 Complaint against InMode Ltd with JURY DEMAND.Document filed by Lori A. Brightman. Related document: 1 Complaint..(Reitzas, Joshua) Modified on 12/28/2022 (pc). (Entered: 12/27/2022) |
| 12/28/2022 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Joshua T. Reitzas to RE–FILE re: Document No. 20 Amended Complaint. The filing is deficient for the following reason(s): all of the parties listed on the pleading were not entered on CM ECF; all of the parties listed on the pleading were not entered on CM ECF. Docket the event type Add Party to Pleading found under the event list Complaints and Other Initiating Documents.. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (pc) (Entered: 12/28/2022) |
| 12/29/2022 |  | ADD PARTY FOR PLEADING. Defendants/Respondents DOES 1–10, inclusive, ROE CORPORATIONS 11–20, INCLUSIVE added. Party added pursuant to 20 Amended Complaint,.Document filed by Lori A. Brightman. Related document: 20 Amended Complaint,...(Reitzas, Joshua) (Entered: 12/29/2022) |
| 12/29/2022 | 21 | **FILING ERROR – DEFICIENT DOCKET ENTRY – FILED AGAINST PARTY ERROR** – FIRST AMENDED COMPLAINT amending 20 Amended Complaint, against All Defendants with JURY DEMAND.Document filed by Lori A. Brightman. Related document: 20 Amended Complaint,. (Attachments: # 1 Affidavit Exhibit A – Declaration of Brian Lodwig).(Reitzas, Joshua) Modified on 12/29/2022 (pc). (Entered: 12/29/2022) |
| 12/29/2022 |  | ***NOTICE TO ATTORNEY REGARDING DEFICIENT PLEADING. Notice to Attorney Joshua T. Reitzas to RE–FILE Document No. 21 Amended Complaint,. The filing is deficient for the following reason(s): the All Defendant radio button was selected;. Re–file the pleading using the event type Amended Complaint found under the event list Complaints and Other Initiating Documents – attach the correct signed PDF – select the individually named filer/filers – select the individually named party/parties the pleading is against. (pc) (Entered: 12/29/2022) |
| 12/29/2022 |  | ***NOTICE TO ATTORNEY REGARDING PARTY MODIFICATION. Notice to attorney Joshua T. Reitzas. The party information for the following party/parties has been modified: DOES 1–10, inclusive, ROE CORPORATIONS 11–20, INCLUSIVE. The information for the party/parties has been modified for |

| | | |
|---|---|---|
| | | **the following reason/reasons: party name was entered in all caps;. (pc)** (Entered: 12/29/2022) |
| 01/13/2023 | 22 | MOTION to Dismiss . Document filed by InMode Ltd..(Koosed, Brian) (Entered: 01/13/2023) |
| 01/13/2023 | 23 | MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss . . Document filed by InMode Ltd..(Koosed, Brian) (Entered: 01/13/2023) |
| 01/13/2023 | 24 | DECLARATION of Yair Malca in Support re: 22 MOTION to Dismiss .. Document filed by InMode Ltd. (Attachments: # 1 Exhibit A – Notice of Stock Option Award, # 2 Exhibit B – Stock Option Award Agreement, # 3 Exhibit C – 2008 Option Plan).(Koosed, Brian) (Entered: 01/13/2023) |
| 01/25/2023 | 25 | AFFIDAVIT OF SERVICE of Summons and Amended Complaint,. InMode Ltd served on 1/20/2023, answer due 2/10/2023. Service was accepted by Sue Zouky, Business Document Specialist. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 01/25/2023) |
| 02/09/2023 | 26 | MEMORANDUM OF LAW in Opposition re: 22 MOTION to Dismiss . . Document filed by Lori A. Brightman. (Attachments: # 1 Exhibit Declaration of Dr Brightman).(Reitzas, Joshua) (Entered: 02/09/2023) |
| 02/09/2023 | 27 | DECLARATION of Joshua T Reitzas in Opposition re: 22 MOTION to Dismiss .. Document filed by Lori A. Brightman..(Reitzas, Joshua) (Entered: 02/09/2023) |
| 02/24/2023 | 28 | REPLY MEMORANDUM OF LAW in Support re: 22 MOTION to Dismiss . *the First Amended Complaint*. Document filed by InMode Ltd..(Koosed, Brian) (Entered: 02/24/2023) |
| 08/14/2023 | 29 | OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS re: 22 MOTION to Dismiss . filed by InMode Ltd. For the reasons stated herein, the motion to dismiss filed by InMode is GRANTED. This action is therefore dismissed without prejudice to it being refiled in the proper forum. The Clerk of Court respectfully is requested to close all pending motions and close the case. SO ORDERED. (Signed by Judge Mary Kay Vyskocil on 8/14/2023) (tg) Transmission to Orders and Judgments Clerk for processing. (Entered: 08/14/2023) |
| 08/14/2023 | 30 | CLERK'S JUDGMENT re: 29 Memorandum & Opinion in favor of InMode Ltd against Lori A. Brightman. It is hereby ORDERED, ADJUDGED AND DECREED: That for the reasons stated in the Court's Opinion and Order dated August 14, 2023, the motion to dismiss filed by InMode is GRANTED. This action is therefore dismissed without prejudice to it being refiled in the proper forum. Accordingly, the case is closed. (Signed by Clerk of Court Ruby Krajick on 8/14/2023) (Attachments: # 1 Appeal Package) (tp) (Entered: 08/14/2023) |
| 08/29/2023 | 31 | **FILING ERROR – NO ORDER SELECTED FOR APPEAL** – FIRST NOTICE OF APPEAL. Document filed by Lori A. Brightman. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Affidavit Affirmation of Service).(Reitzas, Joshua) Modified on 8/30/2023 (km). (Entered: 08/29/2023) |
| 08/30/2023 | | ***NOTICE TO ATTORNEY REGARDING DEFICIENT APPEAL. Notice to attorney Joshua Reitzas to RE–FILE Document No. 31 Notice of Appeal.. The filing is deficient for the following reason(s): the order/judgment being appealed was not selected. Re–file the appeal using the event type Notice of Appeal found under the event list Appeal Documents – attach the correct signed PDF – select the correct named filer/filers – select the correct order/judgment being appealed. (km)** (Entered: 08/30/2023) |
| 08/31/2023 | 32 | FIRST NOTICE OF APPEAL from 30 Clerk's Judgment,, 29 Memorandum & Opinion,,. Document filed by Lori A. Brightman. Form C and Form D are due within 14 days to the Court of Appeals, Second Circuit. (Attachments: # 1 Affidavit Affirmation of Service).(Reitzas, Joshua) Modified on 8/31/2023 (km). (Entered: 08/31/2023) |
| 08/31/2023 | | Appeal Fee Due: for 32 Notice of Appeal. Appeal fee due by 9/14/2023.(km) (Entered: 08/31/2023) |

| | | |
|---|---|---|
| 08/31/2023 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet to US Court of Appeals re: 32 Notice of Appeal.(km) (Entered: 08/31/2023) |
| 08/31/2023 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 32 Notice of Appeal, filed by Lori A. Brightman were transmitted to the U.S. Court of Appeals.(km) (Entered: 08/31/2023) |

|  | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:<br>DATE FILED: 8/14/2023 |
|---|---|

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. LORI A. BRIGHTMAN, an individual,

                Plaintiff,

-against-

INMODE LTD., a foreign limited liability corporation, DOES 1 – 10, INCLUSIVE; and ROE CORPORATIONS 11 – 20, INCLUSIVE,

                Defendants.

1:22-cv-5861 (MKV)

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

MARY KAY VYSKOCIL, United States District Judge:

This case concerns a stock option dispute between Plaintiff Dr. Lori Brightman and Defendant InMode Ltd. ("InMode"). InMode has moved to dismiss the case for, among other reasons, *forum non conveniens*.[1] For the reasons stated below, that motion is granted.

## BACKGROUND[2]

Plaintiff is a board-certified dermatologist and dermatologic surgeon. AC ¶ 7. In 2009, Plaintiff agreed to conduct a clinical trial for InMode, an Israeli corporation, in exchange for 7,500 stock options—an arrangement which was initially sketched out in an email. AC ¶¶ 9, 15–18. Roughly a year later, after the clinical trial was largely completed, the parties executed two documents—the Notice of Stock Option Award (the "2010 Notice") and the corresponding Stock

---

[1] In support of its motion, InMode filed a Memorandum of Law [ECF No. 23] ("Def. Br."), as well as the Declaration of Yair Malca [ECF No. 24] ("Malca Decl.") and attached exhibits. In opposition, Plaintiff filed a Memorandum of Law [ECF No. 26] ("Opp."), the Declaration of Lori A. Brightman [ECF No. 26-1] ("Brightman Decl."), and the Declaration of Joshua Reitzas [ECF No. 27] ("Reitzas Decl."). InMode filed a Memorandum of Law in Reply [ECF No. 28] ("Reply Br.").

[2] "On a motion to dismiss for *forum non conveniens* that is decided without a factual hearing, the Court must accept as true the facts alleged in the complaint, but may also consider certain evidence outside the pleadings, including affidavits." *Little v. XL Ins. Co. SE*, No. 18-cv-11919, 2019 WL 6119118, at *2 (S.D.N.Y. Nov. 18, 2019). Accordingly, the following facts are drawn from the Amended Complaint [ECF No. 21] and are assumed to be true or, where noted, from declarations submitted by the parties.

Option Award Agreement (the "2010 Agreement")—which set out the terms of the stock option award in greater detail. AC ¶¶ 18–19.

Plaintiff took issue with certain terms in the 2010 Agreement. For example, the agreement stated that Plaintiff was entitled to 7,000 stock options, as opposed to the 7,500 figure she alleges was previously agreed upon, and the agreement also contained expiration terms which the parties allegedly had not previously discussed. AC ¶¶ 19–20. More importantly for present purposes, the 2010 Agreement also contained an exclusive forum selection clause, which stated:

> [T]he [parties] agree . . . (ii) in such a case of any suit, action, or proceeding arising out of or relating to the [2010] Notice, the Plan, or this Option Agreement, it shall be brought before the competent court in the City of Haifa, Israel, and that the parties shall submit to the exclusive jurisdiction of such court; (iii) to irrevocably waive, to the fullest extent permitted by law, any objection a party may have to the laying of venue for any such suit, action or proceeding brought in such court.

Malca Decl., Ex. B § 12. Plaintiff objected to the 2010 Agreement, but she decided to sign it after being advised by an InMode representative that it was only a placeholder and that a revised agreement would follow. AC ¶ 20. A revised agreement was never sent. Brightman Decl. ¶ 9.

Nearly ten years later, InMode had its initial public offering. AC ¶ 56. When Plaintiff first found out about the offering (two years after it occurred), she contacted InMode to ask about the stock options she was owed pursuant to the 2010 Agreement. AC ¶ 57. Upon doing so, Plaintiff was informed that her stock options had expired under the terms of the 2010 Agreement and that, as a result, she was not entitled to exercise those options. AC ¶ 58. Plaintiff also has been unable to exercise the thousands of additional stock options that she allegedly earned pursuant to oral agreements entered in 2009 and 2011—pursuant to which she performed extra work on behalf of InMode. AC ¶¶ 24–36.

**PROCEDURAL HISTORY**

Plaintiff initiated this action by filing a complaint, which asserts six causes of action grounded in breach of contract and fraud. [ECF No. 1]. Plaintiff later filed an amended complaint—the operative complaint in this case—which asserts the same causes of action.[3] [ECF No. 21]. InMode moved to dismiss the case primarily on the grounds of *forum non conveniens*.[4] [ECF No. 23]. Plaintiff opposed that motion [ECF No. 26], and InMode replied [ECF No. 28].

**DISCUSSION**

"A valid and enforceable contractual forum-selection clause can constitute sufficient grounds for dismissal." *Yovel-Bash v. Wellesley Asset Secured Portfolio, Inc.*, No. 12-cv-5280, 2013 WL 4781539, at *8 (E.D.N.Y. Sept. 5, 2013). In determining whether the *presumption* of enforceability applies to a forum-selection clause, a district court must consider three factors: "(1) whether the clause was reasonably communicated to the party resisting enforcement; (2) whether the clause is mandatory or permissive, *i.e.*, whether the parties are required to bring any dispute to the designated forum or [are] simply *permitted* to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014) (cleaned up).

Here, the parties do not dispute that the presumption of enforceability applies to the forum-selection clause contained in the 2010 Agreement. As a result, the Court must turn to the fourth and final factor of the enforceability inquiry, which asks whether the non-moving party has made

---

[3] The Amended Complaint also added Does 1–10 and Roe Corporations 11–20 as defendants. However, no allegations were made with respect to these unidentified defendants, and it is unclear why they were added or which entities they are meant to represent.

[4] InMode also argued that the Amended Complaint must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because the allegations are time barred or, in the alternative, because they fail to state a claim up on which relief can be granted. [ECF No. 23]. Because the Court concludes that the case must be dismissed on the grounds of *forum non conveniens*, it need not and does not reach the other grounds for dismissal advanced by InMode.

3

"a sufficiently strong showing that enforcement would be unreasonable or unjust."[5] *Id.* (internal quotation marks omitted). Such a showing can be made by demonstrating that "(1) incorporation of [the forum-selection clause] was the result of fraud or overreaching; (2) the law to be applied in the selected forum is fundamentally unfair; (3) enforcement contravenes a strong public policy of the forum in which suit is brought; or (4) trial in the selected forum will be so difficult and inconvenient that the plaintiff effectively will be deprived of [her] day in court." *Id.* at 228 (internal quotation marks omitted).

Plaintiff first claims fraud. Specially, Plaintiff claims that she was fraudulently induced into signing the 2010 Agreement by a false promise that the agreement was merely a placeholder and that a revised version would follow.[6] But this is not enough. It is well settled that "[f]raud in the inducement of [an] [a]greement, as distinct from fraud in the inducement of the forum selection clause specifically, is insufficient to defeat the forum selection clause." *BMR & Assocs., LLP v. SFW Cap. Partners, LLC*, 92 F. Supp. 3d 128, 137 (S.D.N.Y. 2015). Here, Plaintiff alleges only fraud in the inducement of the 2010 Agreement. AC ¶¶ 19–20. There is no allegation in the Amended Complaint, or assertion in the Brightman Declaration, that Plaintiff specifically objected to the forum-selection clause or that InMode made any promise with respect to that specific clause.

Plaintiff does argue in her opposition brief that she specifically objected to the inclusion of the forum-selection clause and that she was fraudulently induced into signing the 2010 Agreement

---

[5] This final factor is governed by federal law. *See Est. of Nelson v. MillerKnoll, Inc.*, No. 21-cv-7811, 2023 WL 3159678, at *3 (S.D.N.Y. Apr. 28, 2023). Accordingly, any "argument that the clause[] [is] invalid under the laws of New York . . . is misplaced." *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 381 n.24 (S.D.N.Y. 2001).

[6] Plaintiff also argues that the addition of a forum-selection clause is a material alteration from the original stock option agreement—memorialized over email—and that, as a result, additional consideration was required absent her consent. Opp. at 10. While Plaintiff seems to frame this as an independent argument concerning consideration, the argument turns on whether Plaintiff consented to the forum-selection clause or whether that clause was the result of fraud. Opp. at 11. Accordingly, analysis of Plaintiff's argument on this score will be folded into an evaluation of her broader fraud-based claim.

4

based on the assurance that the clause would be removed from the revised agreement. Opp. at 11–12. However, there is no evidentiary support for this assertion and "the Court cannot consider allegations that the plaintiff[] raise[s] for the first time in [her] brief opposing the motion to dismiss." *Presbyterian Healthcare Servs. v. Goldman Sachs & Co.*, No. 15-cv-6579, 2017 WL 1048088, at *13 (S.D.N.Y. Mar. 17, 2017) (internal quotation marks omitted). And even if those new allegations could be considered, they are deficient insofar as Plaintiff does not explain who made the alleged promise that the clause would be removed, where and when this alleged promise was made, or any other details needed to satisfy the heightened pleading standard that applies when a plaintiff seeks to invalidate a forum-selection clause based on fraud. *See Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006); *see also Chen v. Cenntro Elec. Grp.*, No. 22-cv-7760, 2023 WL 2752200, at *4 (S.D.N.Y. Mar. 31, 2023).

Plaintiff next argues that forcing her to litigate in Israel would be unfair and inconvenient because "[i]t would be difficult, if not impossible, for [her] to afford to travel to Israel or retain an Israeli attorney, and it makes little sense when many of the key witnesses are stateside." Opp. at 13. The Court does not doubt litigating in New York would be more convenient for Plaintiff. But InMode is an Israeli corporation. So, "[r]egardless of whether the case is tried in Israel or New York, one party will be inconvenienced, and will be forced to bring witnesses and documents to the selected forum." *Diatronics, Inc. v. Elbit Computers, Ltd.*, 649 F. Supp. 122, 126 (S.D.N.Y. 1986). In any event, the Second Circuit has explained that the sort of expense and inconvenience that Plaintiff complains about are nothing more than "the obvious concomitants of litigation abroad," and are insufficient on their own to defeat a valid forum-selection clause. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 393 (2d Cir. 2007).

5

Accordingly, Plaintiff has failed to satisfy her burden of "making a sufficiently strong showing that enforcement [of the forum-selection clause] would be unreasonable or unjust." *Martinez*, 740 F.3d at 217.

## CONCLUSION

For the reasons stated herein, the motion to dismiss filed by InMode is GRANTED. This action is therefore dismissed without prejudice to it being refiled in the proper forum. The Clerk of Court respectfully is requested to close all pending motions and close the case.

**SO ORDERED.**

**Date: August 14, 2023**
**New York, NY**

_____
**MARY KAY VYSKOCIL**
**United States District Judge**

6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
DR. LORI A. BRIGHTMAN, an individual,

                      Plaintiff,

    -against-                                  22 **CIVIL** 5861 (MKV)

                                                          **JUDGMENT**

INMODE LTD., a foreign limited liability
corporation, DOES 1 – 10, INCLUSIVE; and ROE
CORPORATIONS 11 – 20, INCLUSIVE,

                      Defendants.
-----------------------------------------------------------------X

        It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated August 14, 2023, the motion to dismiss filed by InMode is GRANTED. This action is therefore dismissed without prejudice to it being refiled in the proper forum. Accordingly, the case is closed.

**Dated:**  New York, New York

       August 14, 2023

                                                          **RUBY J. KRAJICK**
                                                           **Clerk of Court**

                              **BY:**    _____
                                                             **Deputy Clerk**