# 23-1221

### In the
# United States Court of Appeals
### For the Second Circuit

◆

DR. LORI A. BRIGHTMAN, an Individual,

*Plaintiff-Appellant,*

– v. –

INMODE LTD., a Foreign Limited Liability Corporation,

*Defendant-Appellee,*

– and –

DOES 1-10, Inclusive and ROE CORPORATIONS 11-20, Inclusive,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK (NEW YORK CITY)

## BRIEF FOR DEFENDANT-APPELLEE

BRIAN D. KOOSED
K&L GATES LLP
1601 K Street, NW
Washington, D.C. 20006
(202) 778-9204
brian.koosed@klgates.com

– and –

TRE A. HOLLOWAY
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, South Carolina 29401
(843) 579-3429
tre.holloway@klgates.com

*Attorneys for Defendant-Appellee*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Appellee InMode Ltd. ("InMode") discloses that it is a publicly traded corporation with no parent corporation of its own, and no publicly held corporation owns 10% or more of InMode's stock.

## <u>TABLE OF CONTENTS</u>

**Page**

CORPORATE DISCLOSURE STATEMENT ...........................................i

TABLE OF CONTENTS.......................................................... ii

TABLE OF AUTHORITIES ...................................................iv

PRELIMINARY STATEMENT ................................................1

STATEMENT OF THE ISSUES..............................................4

STATEMENT OF THE CASE..................................................4

    *Background Facts* ...........................................................5

    *Dr. Brightman Signs the 2010 Notice and the 2010 Agreement* ......................6

    *The 2010 Notice* .........................................................6

    *The 2010 Agreement*....................................................8

    *The Option Plan* ........................................................9

    *The Alleged 2009 Oral Agreement* ................................10

    *The Alleged 2011 Oral Agreement* ................................11

    *Procedural History*....................................................12

    *The District Court's Order*............................................13

SUMMARY OF ARGUMENT ..............................................15

ARGUMENT

I.  The Parties' Israeli Forum Selection Clause Should Be
    Enforced.................................................................16

A. *Under New York Law, No Additional Consideration Was Required For The 2010 Agreement Because Dr. Brightman Signed It* ................................................................................ 17

B. *Dr. Brightman's Allegations of Fraud Fail As a Matter of Law* ........ 19

II. Dr. Brightman Waived Her Argument That The Alleged 2009 And 2011 Oral Agreements Were Not Covered By The Parties' Forum Selection Clause, And The Argument Fails In Any Event ........................................................................................... 25

A. *The Issue Is Waived* ............................................................. 26

B. *Even if Dr. Brightman had not waived it, her argument fails on the merits* .......................................................................... 28

CONCLUSION ........................................................................ 30

CERTIFICATE OF COMPLIANCE .................................................. 31

# <u>TABLE OF AUTHORITIES</u>

**Page**

## <u>Cases:</u>

*Adams v. Raintree Vacation Exch., LLC,*
    702 F.3d 436 (7th Cir. 2012)....................................................21, 22

*Askins v. Doe No. 1,*
    727 F.3d 248 (2d Cir. 2013)...............................................................27

*Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.,*
    571 U.S. 49 (2013) .....................................................................16, 17

*AVC Nederland B.V. v. Atrium Inv. P'ship,*
    740 F.2d 148 (2d Cir. 1984)...............................................................22

*Berkson v. Gogo LLC,*
    97 F. Supp. 3d 359 (E.D.N.Y. 2015) .................................................18

*Black v. N. Panola School Dist,*
    461 F.3d 584 (5th Cir. 2006)........................................................ 25-26

*Ching v. United States,*
    298 F.3d 174 (2d Cir. 2002)...............................................................24

*Chunn v. Amtrak,*
    916 F.3d 204 (2d Cir. 2019)...............................................................25

*Cohen v. Koenig,*
    25 F.3d 1168 (2d Cir. 1994)...............................................................19

*Cortec Indus., Inc. v. Sum Holding L.P.,*
    949 F.2d 42 (2d Cir. 1991)...................................................................1

*Don't Look Media LLC v. Fly Victor Ltd.,*
    999 F.3d 1284 (11th Cir. 2021)....................................................22, 23

*Haynsworth v. The Corp.,*
    121 F.3d 956 (5th Cir. 1997)...................................................................22

*In re Fishman,*
    24 N.Y.S.3d 114 (2d Dep't 2015)...........................................................18

*J.B. Harris, Inc. v. Razei B. Industries, Ltd.,*
    181 F.3d 82 (2d Cir. 1999)......................................................................22

*Jalee Consulting Grp., Inc. v. XenoOne, Inc.,*
    908 F. Supp. 2d 387 (S.D.N.Y. 2012)....................................................21

*Kakarla v. Penakalapati,*
    551 F. Supp. 3d 70 (W.D.N.Y. 2021) .....................................................18

*Kassner v. 2nd Ave. Delicatessen Inc.,*
    496 F.3d 229 (2d Cir. 2007)....................................................................25

*Lamb v. Emhart Corp.,*
    47 F.3d 551 (2d Cir. 1995)......................................................................18

*Lerner v. Fleet Bank, N.A.,*
    459 F.3d 273 (2d Cir. 2006)....................................................................21

*M/S Bremen v. Zapata Off-Shore Co.,*
    407 U.S. 1 (1972) ....................................................................................16

*Magi XXI, Inc. v. Stato della Citta del Vaticano,*
    714 F.3d 714 (2d Cir. 2013).....................................................................16

*Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.,*
    254 F.3d 753 (8th Cir. 2001)....................................................................22

*Martinez v. Bloomberg LP,*
    740 F.3d 211 (2d Cir. 2014)........................................................13, 26, 27

*Milgrim v. Backroads, Inc.,*
    91 F. App'x 702 (2d Cir. 2002) ...............................................................18

*New Moon Shipping Co. v. MAN B & W Diesel AG,*
121 F.3d 24 (2d Cir. 1997)...................................................................16

*Phillips v. Audio Active Ltd.,*
494 F.3d 378 (2d Cir. 2007)..................................................14, 26, 28

*Prime Int'l Trading, Ltd. v. BP P.L.C.,*
937 F.3d 94 (2d Cir. 2019)....................................................................27

*Richards v. Lloyd's of London,*
135 F.3d 1289 (9th Cir. 1998).............................................................22

*Riley v. Kingsley Underwriting Agencies, Ltd.,*
969 F.2d 953 (10th Cir. 1992)..............................................................22

*Roth v. CitiMortgage Inc.,*
756 F.3d 178 (2d Cir. 2014).................................................................25

*Scherk v. Alberto-Culver Co.,*
417 U.S. 506 (1974)......................................................21, 22, 23, 24

*Shepherd v. Annucci,*
921 F.3d 89 (2d Cir. 2019)..................................................................16

*Signature Fin. LLC v. Neighbors Glob. Holdings, LLC,*
281 F. Supp. 3d 438 (S.D.N.Y. 2017).........................................23, 24

*Smith v. Hogan,*
794 F.3d 249 (2d Cir. 2015)...................................................................2

*Torcivia v. Suffolk Cnty., N.Y.,*
17 F.4th 342 (2d Cir. 2021)..................................................................27

*Travelers Indem. Co. of Illinois v. CDL Hotels USA, Inc.,*
322 F. Supp. 2d 482 (S.D.N.Y. 2004)................................................20

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
396 F.3d 96 (2d Cir. 2005)..................................................................27

**<u>Rules, Laws and Statutes:</u>**

Fed. R. Civ. P. 9 ................................................................................21

Fed. R. Civ. P. 12 ...........................................................12, 13, 16, 26

Fed. R. Civ. P. 16 .....................................................................24, 25

N.Y. Gen. Oblig. Law § 5-1103 ..............................................4, 15, 17, 18

## <u>PRELIMINARY STATEMENT</u>

A party presented with a written contract generally has two options: sign it (and thereby indicate acceptance of its terms) or don't (and either call off the deal or negotiate). When a party signs the agreement, that signature indicates acceptance. That is why courts in this Circuit (and, indeed, in most legal systems throughout the world) enforce signed, written agreements according to their terms, especially between sophisticated, highly educated parties, who are presumed to know what they're signing and that signing means acceptance.

In this appeal, Appellant Dr. Lori A. Brightman ("Dr. Brightman") attempts to turn this rule on its head and ignore the express, written agreement that she undisputedly signed, simply because it no longer suits her interests.

Dr. Brightman is a sophisticated physician and businessperson who negotiated a complex commercial deal with other business executives. Specifically, according to her Complaint, in 2009, Dr. Brightman negotiated with InMode, an Israeli company, to conduct a clinical trial of its skin-tightening laser treatment. JA31-33.[1] In exchange, she allegedly agreed to receive InMode stock options. *Id.*

---

[1] The operative complaint is Dr. Brightman's First Amended Complaint (the "Complaint"), JA10-28. Under Fed. R. Civ. P. 10(c), the Complaint is "deemed to include" documents attached as exhibits, as well as documents that a plaintiff "chooses not to attach to the complaint or incorporate by reference," but that are "integral" to the complaint because the plaintiff relies heavily on them. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991). The Court may also consider "documents that the plaintiffs either possessed or knew about and upon

Dr. Brightman **admits** in her Complaint that she signed a written contract in April 2010 concerning these stock options (the "2010 Agreement"). JA33. And she further admits that the 2010 Agreement contains a mandatory forum selection clause designating Israel as the exclusive forum for any claims relating to any InMode stock options. *Id*.; *see also* Brief for Plaintiff-Appellant ("Opening Br."), pp. 7, 15. Nevertheless, Dr. Brightman claims that that clause cannot be enforced against her, based on: (i) a "lack of consideration" for the 2010 Agreement writ large, and (ii) her indiscriminate assertions of "fraud" relating to that Agreement generally (though not the forum selection clause specifically). *See* Opening Br., pp. 14-25.

This Court should now affirm the District Court's Order dismissing the Complaint based on the parties' forum selection clause for three main reasons.

*First*, under New York law, a signed, written contract—like the 2010 Agreement—requires no additional consideration. *See infra*, pp. 18-19. Dr. Brightman therefore cannot escape the 2010 Agreement or its valid and binding forum selection clause by arguing otherwise here.

---

which they relied in bringing the suit, including filings with the Securities and Exchange Commission." *Smith v. Hogan*, 794 F.3d 249, 254 (2d Cir. 2015) (quotation marks and citations omitted).

Dr. Brightman did not attach the 2010 Notice, the 2010 Agreement, or the Option Plan (as those terms are defined below) as exhibits to her Complaint. InMode nevertheless attached those documents as exhibits to its motion to dismiss, arguing that they could properly be considered below. JA87-108, JA62. Dr. Brightman did not challenge the consideration of those documents in the District Court and has not done so on appeal.

2

*Second*, Dr. Brightman's lone claim of fraudulent inducement relating to the 2010 Agreement fails because, under this Court's precedent and that of its sister Circuits, an allegation of fraud going to the entire agreement—and ***not*** to the forum selection clause ***itself***—cannot invalidate a forum selection clause. The District Court thus correctly rejected Dr. Brightman's generalized assertions of "fraud" below. *See infra*, pp. 20-26.

*Third*, Dr. Brightman argues for the first time on appeal that the 2010 Agreement's forum selection clause does not cover what she identifies as the "2nd and 3rd Agreement [*sic*]," which are alleged oral agreements she purportedly had with InMode. Opening Br., pp. 25-28. But Dr. Brightman waived this argument by not raising it below; indeed, the District Court concluded that the parties "do not dispute that" Dr. Brightman's claims are "subject to the forum selection clause." JA164-165. In any event, as set forth below, her argument fails on the merits (which should not be addressed at all due to Dr. Brightman's waiver). *See infra*, pp. 26-30.

For all these reasons, the District Court's Order should be affirmed in its entirety. Simply put, Dr. Brightman—a sophisticated doctor and businessperson—signed a contract (the 2010 Agreement) that undisputedly contains an Israeli forum selection clause. She cannot now avoid the clear and unambiguous terms of her agreement simply on her say-so.

3

## **STATEMENT OF THE ISSUES**

1.      Under New York law—specifically, N.Y. Gen. Oblig. Law § 5-1103—is the parties' written 2010 Agreement, which Dr. Brightman admits she signed, void for lack of consideration?

2.      Does Dr. Brightman's assertion—that the 2010 Agreement she signed was merely a "placeholder" for a later agreement—meet her "heavy" burden of showing that the parties' forum selection clause itself was fraudulently induced and therefore unenforceable?

3.      By failing to raise the issue below, did Dr. Brightman waive any argument that the parties' forum selection clause does not cover all of her claims here?

## **STATEMENT OF THE CASE**

On appeal, Dr. Brightman uses defined terms that either intentionally or inadvertently obscure key facts.  Of the four numbered "Agreements" she references throughout her Opening Brief, just one (the "4th") is a signed, written contract with concrete, detailed terms.  The "1st Agreement" (Opening Br., p. 3) addresses the same topic as the alleged "4th Agreement" (Opening Br., pp. 7-9), but she lists those separately.  And she confuses matters even more by listing the "Agreements" out of chronological order, referring to a "3rd Agreement" (Opening Br., pp. 4-7) that

4

allegedly arose in October 2011, admittedly post-dating the April 2010 Agreement that she describes as the "4ᵗʰ Agreement" (Opening Br., pp. 7-9) by eighteen months.

To avoid any confusion this may cause, InMode sets forth below a more detailed factual exposition than might otherwise be necessary.

### Background Facts

According to the Complaint, JA10-28, Dr. Brightman is a board-certified dermatologist and dermatologic surgeon who has worked in private practice, academia, and in various consulting roles with attorneys, investors, and private companies. JA11. The Complaint touts Dr. Brightman's experience as "a highly regarding [*sic*] expert experienced with developing technology, running clinical trials, and publishing and presenting internationally." JA12.

This appeal concerns Dr. Brightman's agreements to perform clinical trials for InMode, an Israeli company that develops surgical aesthetic and medical treatment technologies. JA30-32. In early 2009, Dr. Brightman agreed to conduct a clinical trial of technology newly developed by InMode. JA33. In exchange, InMode allegedly offered 7,500 InMode stock options to Dr. Brightman. *Id*.

According to the Complaint, Dr. Brightman began treating clinical trial patients on June 30, 2009. JA33. The Complaint does not specify when the trials concluded, but states that Dr. Brightman "substantially completed" the work by April 2010. *Id*.

5

### Dr. Brightman Signs the 2010 Notice and the 2010 Agreement

According to the Complaint, the parties' agreement was initially documented in an email from InMode's CEO to Dr. Brightman on April 5, 2009.  JA31.  It was then memorialized on April 12, 2010, when Dr. Brightman and InMode executed two documents that set out the terms of the stock option award:  (i) the Notice of Stock Option Award (the "2010 Notice"); and (ii) the Stock Option Award Agreement (the "2010 Agreement").  JA87-94.

Both the 2010 Notice and the 2010 Agreement also incorporated the 2008 Option Plan of InMode's predecessor, Invasix Ltd. (the "Option Plan"), which governed any stock option awards made by InMode (then Invasix) generally.  JA95-108.

Dr. Brightman admits that she signed the 2010 Notice and the 2010 Agreement in April 2010, and has never disputed, for example, the authenticity of her signature.  JA142; *see also* JA14, 25, 33, 44, 89, 126, 130, 137.

### The 2010 Notice

Pursuant to the 2010 Notice, Dr. Brightman was awarded options for 7,000 "Ordinary Shares" of InMode stock that she could purchase at a price of $1.00 per share.  JA88.  The 2010 Notice further specified that the options had an "Expiration Date," which was defined as "the 7th anniversary following the Date of Award subject always to earlier termination."  *Id*.

6

The 2010 Notice defined "Date of Award," in turn, as the date the 2010 Notice was signed—April 12, 2010. *Id.* Accordingly, by its terms, Dr. Brightman's options under the 2010 Notice expired on April 12, 2017. The 2010 Notice also expressly stated that Dr. Brightman's options were "[s]ubject to the limitations set forth in this Notice, the [Option] Plan and the [2010] Agreement." JA88.

Indeed, in signing the 2010 Notice, Dr. Brightman **expressly represented** that she: (i) had received "a copy of the [Option] Plan and the [2010] Agreement"; (ii) was "familiar with the terms and provisions thereof"; and (iii) "accepts the Option subject to all of the terms and provisions hereof and thereof." JA89.

Dr. Brightman further expressly represented to InMode that she:

> **[R]eviewed this Notice, the [Option] Plan and the [2010] Agreement in their entirety**, has had an opportunity to obtain the advice of counsel prior to executing this [2010] Notice and **fully understands all provisions of this Notice, the [Option] Plan and the [2010] Agreement.**

*Id*. (emphasis added).

Finally, Dr. Brightman expressly agreed in the 2010 Notice that any disputes between the parties would be subject to the forum selection clause set forth in the 2010 Agreement:

> The Grantee [Dr. Brightman] **hereby agrees** to the jurisdiction and venue selection and **that all disputes arising out of or relating to this Notice, the [Option]**

> **Plan and the [2010] Agreement shall be resolved in accordance with Section 12 of the [2010] Agreement**.

*Id*. (emphasis added).

### *The 2010 Agreement*

Dr. Brightman executed the 2010 Agreement simultaneously with the 2010 Notice on April 12, 2010.  *See* JA90-94.  As the 2010 Notice did, the 2010 Agreement stated her stock option award was "subject to the terms and provisions of the [2010] Notice, this [2010] Agreement . . . and the [Option Plan]."  JA91.

Despite Dr. Brightman's allegations to the contrary in her Complaint, the 2010 Agreement included a merger clause that expressly made clear that the 2010 Agreement replaced any prior agreements:

> The Notice, the Plan and this [2010] Agreement constitute the entire agreement of the parties with respect to the subject matter hereof and **supersede in their entirety all prior undertakings and agreements of the Company and the Grantee** [Dr. Brightman] with respect to the subject matter hereof.

JA93 (emphasis added).

Like the 2010 Notice, the 2010 Agreement also made clear that Dr. Brightman's option award would expire if the options were not exercised by the April 12, 2017 Expiration Date:

> The Option may be exercised **no later than the Expiration Date set forth in the [2010] Notice** or such earlier date as otherwise provided herein.  **After the Expiration Date** or

such earlier date, **the Option shall be of no further force or effect and may not be exercised**.

JA92 (emphasis added).

Finally, the 2010 Agreement contained, as Section 12, the forum selection clause referenced in the 2010 Notice above. That Section, titled "Governing Law and Jurisdiction," clearly and unambiguously designated the Israeli courts as the exclusive forum for any disputes relating to Dr. Brightman's stock options under the 2010 Notice, the 2010 Agreement, or the Option Plan. Specifically, Section 12 of the 2010 Agreement stated:

> [T]he [parties] agree that . . . (ii) in such a case of **any suit, action, or proceeding arising out of or relating to the Notice, the [Option] Plan, or this [2010] Agreement, it shall be brought before the competent court in the City of Haifa, Israel**, and that the parties **shall submit to the exclusive jurisdiction** of such court; (iii) **to irrevocably waive, to the fullest extent permitted by law, any objection a party may have to the laying of venue for any such suit, action or proceeding brought in such court**.

JA94 (emphasis added).

### *The Option Plan*

As noted, both the 2010 Notice and the 2010 Agreement referred to, and specifically incorporated, the Option Plan, which governed all awards of InMode stock options until 2018, and the terms of which Dr. Brightman expressly represented to InMode that she had reviewed, understood, and accepted. *See* JA88-89; JA91; JA98.

9

Among other things, the Option Plan required that any award of InMode stock options be in a signed writing. JA103 (noting every award "shall be designated in the **Award Agreement**"); JA98 (defining "Award Agreement" as "**the written agreement** evidencing the grant of an Award **executed by the Company and the Grantee** . . . .) (all emphasis added).

Under the Option Plan, the written Award Agreement would set forth the material terms of any option award, including, for example, (a) the type of stock subject to the award, (b) the vesting schedule, (c) the criteria for achieving the options, (d) the procedure for exercising them, and (e) the term of the award. *See* JA103-105. The Option Plan also set an outer limit of seven years for exercising any options. *See* JA104, § 6(g) ("The term of each Award shall be the term stated in the Award Agreement, provided, however, that the term of an Award shall be no more than seven (7) years from the date of grant thereof.").

### The Alleged 2009 Oral Agreement

In addition to the 2010 Agreement, the Complaint alleged that Brian Lodwig—InMode's former President for its North America Division (JA31)—orally "conveyed" to Dr. Brightman, at some unspecified time "[l]ater in 2009," that InMode would "compensate her with additional stock options" if Dr. Brightman provided "new services to InMode at upcoming society meetings or by publications." JA33-34.

This is the pled factual basis for the "Alleged 2009 Oral Agreement," pursuant to which Dr. Brightman claimed she earned options for 45,000 additional shares of InMode stock. JA34-35. Notwithstanding the Option Plan's requirement of a written "Award Agreement," the Complaint alleged that Dr. Brightman was told, in October 2011, that "no further documentation was required." JA35-36.[2]

### The Alleged 2011 Oral Agreement

Finally, Dr. Brightman alleged in her Complaint that during the same October 13, 2011 meeting, Mr. Lodwig again orally offered Dr. Brightman 5,000 stock options annually for performing several categories of other work related to InMode's Fractora device including, among other things, "taking potential calls/emails answering their questions" regarding Fractora. JA36-38. For this "Alleged 2011 Oral Agreement," Dr. Brightman claims she earned options for an additional 10,000 shares of InMode stock for work performed in 2011 and 2012. JA38.

Although this Alleged 2011 Oral Agreement purportedly post-dated the 2010 Agreement by eighteen months, Dr. Brightman refers to this Alleged 2011 Oral Agreement reached in October 2011 as the "3rd Agreement," and to the 2010 Agreement reached in April 2010 as the "4th Agreement." Opening Br., pp. 3-9.

---

[2] As it noted below, InMode disputes that Mr. Lodwig had any authority to grant stock options to Dr. Brightman (or anyone else) without complying with the Option Plan's requirements. This factual issue is nevertheless immaterial here because, as the District Court correctly held, that issue must be litigated in Israel. *See* JA162-167.

### *Procedural History*

After Dr. Brightman filed her initial complaint, InMode moved for a pre-motion conference in accordance with the District Court's Individual Practices. JA3-4. In its motion, InMode set forth three bases for dismissal under Rules 12(b)(3) and 12(b)(6). *Id.*; JA67-84. Dr. Brightman filed a response, making many of the arguments that she advances on appeal. *See also* District Court Dkt. Nos. 13-16.

The District Court allowed Dr. Brightman to amend her complaint, issuing a scheduling order warning Dr. Brightman that: "**This will be Plaintiff's last opportunity to amend in response to any issue raised in the parties' pre-motion letters.**" JA8 (emphasis in original). Dr. Brightman then filed her Complaint, which InMode moved to dismiss on the same three grounds it had previously raised.

*First*, InMode argued that all of Dr. Brightman's claims were subject to the forum selection clause designating Israel as the exclusive jurisdiction for the dispute, so the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3) and the doctrine of *forum non conveniens*. JA67-72.

*Second*, InMode argued that all of Dr. Brightman's claims—which all arose approximately a decade ago before she filed suit—were time-barred. JA72-76.

*Third*, InMode argued that the Complaint failed to state any plausible claim for relief under Fed. R. Civ. P. 12(b)(6). JA76-84. Dr. Brightman opposed the motion, JA109-146, and InMode filed a reply, JA147-161.

### The District Court's Order

Reaching only the first basis for dismissal, the District Court granted InMode's motion to dismiss on the grounds of *forum non conveniens*. JA162-167. Specifically, the District Court noted that "the parties do not dispute that the presumption of enforceability applies to the forum selection clause contained in the 2010 Agreement." JA164. As the District Court noted, this included, by definition, that the parties did not dispute "whether the claims and parties involved in the suit are subject to the forum selection clause." *Id*. (quoting *Martinez v. Bloomberg LP*, 740 F.3d 211, 217 (2d Cir. 2014)).

As a result, the District Court focused its inquiry on whether Dr. Brightman had made "a sufficiently strong showing that enforcement [of the parties' forum selection clause] would be unreasonable or unjust." JA165 (quoting *Martinez*, 740 F.3d at 217). The District Court held that she did not, because Dr. Brightman's fraudulent inducement claim failed. *Id*.

In particular, the District Court noted the Complaint did not allege that Dr. Brightman "specifically objected to the forum-selection clause or that InMode made any promise with respect to that specific clause." *Id*. The District Court refused to consider statements to that effect raised for the first time in Dr. Brightman's opposition brief, noting that the claims would fail in any event for lack of specific allegations of fraud. JA166.

13

Turning to Dr. Brightman's contention that she would find it inconvenient to litigate in Israel, the District Court similarly rejected those arguments. JA166. Relying on Second Circuit precedent, the District Court noted that the inconvenience and expense of which Dr. Brightman complained were "nothing more than 'the obvious concomitants of litigation abroad,' and are insufficient on their own to defeat a valid forum-selection clause." *Id*. (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 393 (2d Cir. 2007)). On appeal, Dr. Brightman does not challenge this aspect of the District Court's ruling.

On these grounds, the District Court granted InMode's motion to dismiss. JA167. This appeal followed. JA169. As set forth below, under this Court's precedent, the District Court's Order should be affirmed in full.

## SUMMARY OF ARGUMENT

Dr. Brightman's appeal fails for three main reasons.

*First*, Dr. Brightman's initial argument—that the 2010 Agreement cannot be enforced generally due to lack of consideration—simply fails as a matter of New York law. The 2010 Agreement is a written agreement that Dr. Brightman signed. It is therefore enforceable under New York General Obligations Law § 5-1103, with or without additional consideration. *See infra*, pp. 18-20.

*Second*, the Israeli forum selection clause contained in the 2010 Agreement is similarly enforceable and controlling. Supreme Court precedent is clear that, to invalidate a forum selection clause on the basis of fraud, the alleged fraud must relate to the forum selection clause itself, not just the contract generally. The District Court thus rightly rejected Dr. Brightman's generalized assertions of "fraud" as to the 2010 Agreement, and this Court should do the same now on appeal. *See infra*, pp. 20-26.

*Third*, Dr. Brightman waived any argument that the 2010 Agreement's forum selection clause does not cover all of her claims. Indeed, the District Court expressly found this issue to be undisputed by the parties, noting that the only issue in dispute was whether it would be unreasonable or unjust to enforce the parties' forum selection clause. JA165. In any event, the 2010 Agreement's forum selection clause plainly ***does*** cover all of Dr. Brightman's claims. Even setting aside her waiver then (which the Court should not do), this argument fails. *See infra*, pp. 26-30.

**ARGUMENT**

**I.      The Parties' Israeli Forum Selection Clause Should Be Enforced**

Forum selection clauses are analyzed under the doctrine of *forum non conveniens* and the corresponding standards of Fed. R. Civ. P. 12(b)(3).  *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 60 (2013).  Rule 12(b)(3) permits evidentiary submissions by the parties at the pleadings stage, such as "affidavits to demonstrate lack of venue."  *Shepherd v. Annucci*, 921 F.3d 89, 95 (2d Cir. 2019).  This Court reviews de novo the district court's grant of a Rule 12(b)(3) motion based on a forum selection clause.  *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 720 (2d Cir. 2013).

For over half a century, federal courts have recognized that forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances."  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) (citation omitted).  This recognition "accords with ancient concepts of freedom of contract and reflects an appreciation of the expanding horizons of American contractors . . . ."  *Id*. at 11.

Thus, this Court gives "substantial deference" to the parties' chosen forum identified in a forum selection clause, particularly where this choice "was made in an arm's-length negotiation by experienced and sophisticated business [persons]."  *Magi XXI*, 714 F.3d at 721 (quoting *New Moon Shipping Co. v. MAN B & W Diesel AG,* 121 F.3d 24, 29 (2d Cir. 1997)).

In short, "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 63 (citation omitted). Nevertheless, Dr. Brightman seeks to subvert this binding precedent on two grounds. First, she argues that the 2010 Agreement writ large is void for lack of consideration. Opening Br., pp. 14-17. Second, she argues that the 2010 Agreement generally—though not its Israeli forum selection clause specifically— was supposedly procured by fraud. *Id*. at pp. 17-25. Both arguments fail, and her Complaint was properly dismissed.

        *A.*    <u>Under New York Law, No Additional Consideration Was Required For The 2010 Agreement Because Dr. Brightman Signed It.</u>

Dr. Brightman begins by arguing that the 2010 Agreement, which contains the Israeli forum selection clause, is invalid for lack of consideration. Opening Br., pp. 14-17. The District Court rejected this argument, reasoning that it dovetailed with her claims of fraud and failed for the same reasons. *See* JA165 n.6.

Notably, despite the parties briefing the statute in the District Court, Dr. Brightman nowhere addresses the application of New York General Obligations Law § 5-1103, which, as InMode explained below, is fatal to her argument on this point. JA152-53. Specifically, that statute provides:

> An agreement, promise or undertaking to change or modify . . . any contract . . . **shall not be invalid because of the absence of consideration, provided that the agreement** . . . changing [or] modifying . . . **shall be in**

17

**writing and signed by the party against whom it is sought to enforce the change [or] modification** . . . .

N.Y. Gen. Oblig. Law § 5-1103 (McKinney) (emphasis added).

On appeal, Dr. Brightman again admits that she signed the 2010 Agreement, and does not dispute the authenticity of her signature. JA33; *see also* Opening Br., p. 15. That ends the inquiry: her signature on the written 2010 Agreement obviates the need for any additional consideration. *See, e.g.*, *In re Fishman*, 24 N.Y.S.3d 114, 115 (2d Dep't 2015) (holding that an agreement in writing and signed by the party against whom enforcement is sought satisfied the requirements of § 5-1103 and thus "did not need consideration to be enforced"); *Milgrim v. Backroads, Inc.*, 91 F. App'x 702, 704 (2d Cir. 2002) (rejecting plaintiff's challenge that an arbitration clause failed for lack of consideration, citing N.Y. Gen. Oblig. Law § 5-1103).

Instead of addressing § 5-1103, Dr. Brightman relies on the same smattering of inapposite cases that she cited below, none of which cite that statute, and none of which involved an **admittedly signed, written agreement**. *See, e.g.*, *Lamb v. Emhart Corp.*, 47 F.3d 551, 554-56, 559 (2d Cir. 1995) (plaintiffs argued under *Connecticut law* that a letter they *never received* was an unenforceable modification); *Kakarla v. Penakalapati*, 551 F. Supp. 3d 70, 81-83 (W.D.N.Y. 2021) (dismissing plaintiff's breach of contract claim based on an alleged subsequent *oral agreement*); *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 393 (E.D.N.Y. 2015)

(plaintiffs argued the terms of service of an online "sign-in-wrap" agreement did not provide sufficient notice to be enforceable).

In short, Dr. Brightman admits she signed the written 2010 Agreement. Under New York law, that is all that's required. Her consideration-based argument has no merit and provides no basis to reverse the District Court's Order.

B. *Dr. Brightman's Allegations of Fraud Fail As a Matter of Law.*

Dr. Brightman's central argument on appeal is that the Israeli forum selection clause in the parties' 2010 Agreement is unenforceable because she was fraudulently induced to sign it by several statements allegedly made by InMode. *See* Opening Br., pp. 17-25.

Initially, although the 2010 Agreement was signed in April 2010, Dr. Brightman claims she was induced to sign it in part by statements made to her in October 2011, eighteen months after the fact. Specifically, she claims these later statements somehow "expanded the fraud" that induced her to sign the 2010 Agreement. Opening Br., pp. 19, 23. But she is arguing fraudulent *inducement*, i.e., fraud at the agreement's *inception*. And it is black letter law that a fraudulent inducement claim is "premised on misrepresentations that were made *before the formation of the contract* and that induced the plaintiff to enter the contract." *Cohen v. Koenig*, 25 F.3d 1168, 1173 (2d Cir. 1994) (emphasis added).

19

"Obviously, a party cannot claim that it was induced into a contract on the basis of fraud by the other party to the contract when the misrepresentation or omission underlying the purported fraud occurred only after the parties entered the contract." *Travelers Indem. Co. of Illinois v. CDL Hotels USA, Inc.*, 322 F. Supp. 2d 482, 502 n.3 (S.D.N.Y. 2004). Thus, the District Court properly considered only the statements allegedly made to Dr. Brightman *before* she signed the 2010 Agreement containing the forum selection clause she now challenges. JA165-166.

As to those statements, the Complaint's only allegation of fraud ***predating*** the 2010 Agreement's signing involves InMode's alleged statement that it "would send a corrected agreement" and that Dr. Brightman should sign the 2010 Agreement as a "place-holder," notwithstanding its express merger clause and other terms. JA33. According to the Complaint, Dr. Brightman reviewed the 2010 Agreement and "request[ed] revisions" to it, but nevertheless proceeded to sign it. JA142.

With a document in hand containing terms she did not like, Dr. Brightman had a few options: she could have crossed out the objectionable terms, scribbled notes in the margins, drafted up her own agreement as a counteroffer, or (perhaps most obviously) refused to sign. But she admittedly did none of those things, and instead signed the 2010 Agreement, thus showing that she was assenting to its terms.

Apparently experiencing buyer's remorse, Dr. Brightman now seeks to have the 2010 Agreement invalidated based on a generalized allegation of fraud. But, to

avoid dismissal, a complaint alleging fraud in the inducement of a forum selection clause must satisfy Rule 9(b)'s requirement that "the circumstances constituting fraud . . . [be] state[d] with particularity" as to the forum selection clause itself. Specifically, to pass muster under this heightened pleading standard, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006) (citation omitted); *see Jalee Consulting Grp., Inc. v. XenoOne, Inc.*, 908 F. Supp. 2d 387, 394-95 (S.D.N.Y. 2012) (holding that Rule 9(b) applies to fraudulent inducement claims concerning forum selection clauses).

Dr. Brightman does not allege that the forum selection clause is "unclear, in illegible print, in Sanskrit or hieroglyphics, or otherwise suggestive of fraudulent intent." *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 443 (7th Cir. 2012). Nor does she suggest "that the defendants tried to mislead the plaintiff[] concerning the meaning of the clause," *id.*, or any other fraud going directly to the forum selection clause. Instead, she repeats throughout her Opening Brief that she was "**fraudulently induced to sign the 4th Agreement**"—not the forum selection clause itself. Opening Br., at pp. 7, 10, 11, 17, 24 (emphasis added).

As the Supreme Court stated in *Scherk v. Alberto-Culver Co.*, a "forum-selection clause in a contract is not enforceable **if the inclusion of that clause in the**

21

**contract** was the product of fraud or coercion."  417 U.S. 506, 519 n.14 (1974)

(emphasis added); *see also J.B. Harris, Inc. v. Razei B. Industries, Ltd.*, 181 F.3d 82

(2d Cir. 1999) (citing *Scherk*, 417 U.S. at 519 n.14); *AVC Nederland B.V. v. Atrium*

*Inv. P'ship*, 740 F.2d 148, 158 n.16 (2d Cir. 1984) (quoting and emphasizing the

bolded language from *Scherk*).

This Court's sister circuits have also interpreted the quoted language in *Scherk*

to mean that a plaintiff seeking to avoid a forum selection clause based on claims of

fraudulent inducement must "plead fraud going to the specific provision."  *Riley v.*

*Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 960 (10th Cir. 1992).  *Accord*

*Don't Look Media LLC v. Fly Victor Ltd.*, 999 F.3d 1284, 1298 (11th Cir. 2021)

(adopting this standard); *Adams v. Raintree Vacation Exch., LLC*, 702 F.3d 436, 443

(7th Cir. 2012) ("[I]f the clause were itself a product of fraud it would be

unenforceable."); *Marano Enterprises of Kansas v. Z-Teca Restaurants, L.P.*, 254

F.3d 753, 757 (8th Cir. 2001) (holding that the "general allegation" that a party "was

induced by fraud to enter into" certain agreements was "insufficient to raise an issue

that the forum-selection clauses within those agreements may be unenforceable

because of fraud"); *Richards v. Lloyd's of London*, 135 F.3d 1289, 1297 (9th Cir.

1998) ("The Supreme Court has noted that simply alleging that one was duped into

signing the contract is not enough."); *Haynsworth v. The Corp.*, 121 F.3d 956, 963

(5th Cir. 1997) ("[A]llegations of [fraud, coercion, or overreaching] as to the

contract as a whole—or portions of it other than the [forum selection or choice of law] clause—are insufficient; the claims of fraud or overreaching must be aimed straight at the [forum selection or choice of law] clause in order to succeed.").

Dr. Brightman's Complaint clearly does not meet this threshold. As the District Court noted, Dr. Brightman's Complaint and supporting declaration contained no allegation or assertion that she "specifically objected to the [2010 Agreement's] forum-selection clause or that InMode made any promise with respect to that specific clause." JA165. Indeed, her Complaint and declaration note that she objected to certain terms generally, but nowhere claim she disputed the Israeli forum selection clause. JA33, 142. This is not enough to meet the *Scherk* standard. *See Don't Look Media*, 999 F.3d at 1298 (enforcing forum selection clause where a party "asked for specific provisions to be altered or included in the contract but, notably, did not object to the forum selection clauses"). Because she does not specifically allege fraud as to the 2010 Agreement's forum selection clause itself, her allegations provide no basis to invalidate that clause.

Dr. Brightman nowhere addresses this case law, arguing instead that her Complaint is replete with fraud that invalidates the 2010 Agreement in full, so she need not allege fraud specifically related to the forum selection clause. Her only authority for this proposition is the district court opinion in *Signature Financial v. Neighbor Global Holdings*, which relied on a separate, unpublished district court

23

opinion that did not invalidate a forum selection clause. Opening Br., pp. 21-22 (citing *Signature Fin. LLC v. Neighbors Glob. Holdings, LLC*, 281 F. Supp. 3d 438, 452 (S.D.N.Y. 2017)). This Court has never adopted the standard applied by the District Court in *Signature Financial*, nor has any of its sister Circuits. And Dr. Brightman makes no attempt to reconcile her proposed rule with the courts' longstanding interpretation of *Scherk* requiring allegations of fraud specific to the forum selection clause itself.

Even under the standard Dr. Brightman proposes, her allegations still fail. Her sole allegation of fraud is clearly not so pervasive as to "permeate" the parties' 2010 Agreement and render it unenforceable. Indeed, her Complaint specifically seeks to **_enforce_** the 2010 Agreement, seeking, among other things, an order directing InMode to specifically perform its obligation thereunder. JA45. And her meager allegations of fraud predating the 2010 Agreement in the Complaint—mainly, that the written agreement included certain "terms and conditions" that needed to be "corrected" (JA33)—fall far short of "pervasive" fraud.

For similar reasons, the District Court properly denied leave to amend the Complaint a second time, after already allowing Dr. Brightman to do so once. The decision to deny leave to amend a complaint "is committed to the sound discretion of the district court." *Ching v. United States*, 298 F.3d 174, 180 (2d Cir. 2002). Rule 16(b) governs the District Court's issuance of scheduling orders and also

confers discretions to the District Court.  Fed. R. Civ. P. 16(b); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) (discussing the discretionary standard).

Below, the District Court granted Dr. Brightman leave to amend her original complaint, warning that it was her last opportunity to amend in response to the issues InMode had raised.  JA8.  She failed to cure those deficiencies after being granted a second bite at the apple, and she proposes no changes on appeal that would cure Complaint's deficiencies. *See Chunn v. Amtrak*, 916 F.3d 204, 208 (2d Cir. 2019) ("Leave to amend may be denied if the proposed amendment would be futile. Amendment is futile if it fails to cure prior deficiencies.") (quotation marks and citation omitted); *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 183 (2d Cir. 2014) (denying leave to amend where a party did "not propose any specific changes to the complaint").  The District Court thus did not abuse its discretion in denying Dr. Brightman leave to amend yet again.

## II.  Dr. Brightman Waived Her Argument That The Alleged 2009 And 2011 Oral Agreements Were Not Covered By The Parties' Forum Selection Clause, And The Argument Fails In Any Event.

Although she never made the argument below, Dr. Brightman now claims on appeal that the 2010 Agreement's Israeli forum selection clause does not apply to her Alleged 2009 and 2011 Oral Agreements.  Opening Br., pp. 25-28.  But, "[e]ven on de novo review, a party may not raise new legal arguments." *Black v. N. Panola*

*School Dist*, 461 F.3d 584, 593 (5th Cir. 2006).  Dr. Brightman thus waived this argument by failing to raise it to the District Court.  And even if this Court were to excuse that waiver and reach an issue that the District Court had no opportunity to consider, Dr. Brightman's argument would fail on the merits because the terms of the 2010 Agreement's forum selection clause expressly cover all claims here.

### A.   *The Issue Is Waived.*

To determine whether a forum selection clause warrants dismissal under Rule 12(b)(3), this Court applies a four-part test, first asking "(1) whether the clause was reasonably communicated to the party resisting the enforcement; (2) whether the clause is mandatory or permissive, i.e., . . . whether the parties are required to bring any dispute to the designated forum or are simply permitted to do so; and (3) whether the claims and parties involved in the suit are subject to the forum selection clause." *Martinez*, 740 F.3d at 217 (quotations and emphasis omitted).

If these three conditions are met, the forum selection clause is presumptively enforceable.  A party can overcome this presumption only by (4) "making a sufficiently strong showing that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching."  *Id*. (quoting *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383-84 (2d Cir. 2007)).

In its motion to dismiss below, InMode discussed at length each of the four factors applied by the Court in *Martinez*, 740 F.3d at 217.  *See* JA68-72.  In her

opposition below, Dr. Brightman responded only to the fourth *Martinez* factor, arguing that the 2010 Agreement was procured by fraud and that its terms were "unreasonable and unfair." JA128-131. The District Court thus confined its analysis to that fourth factor, noting in its Order that "the parties do not dispute that the presumption of enforceability applies." JA164. Dr. Brightman thus waived any argument related to the third *Martinez* factor—the scope of the 2010 Agreement's forum selection clause—by failing to dispute that factor below. She cannot advance that argument for the first time on appeal.

"The law in this Circuit is clear that where a party advances arguments available but not pressed below, waiver will bar raising the issue on appeal." *Torcivia v. Suffolk Cnty., N.Y.*, 17 F.4th 342, 367 (2d Cir. 2021) (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005)) (alteration omitted); *Prime Int'l Trading, Ltd. v. BP P.L.C.*, 937 F.3d 94, 103 (2d Cir. 2019) (plaintiff's argument is "waived for purposes of appellate review where a litigant 'failed to make any such argument in opposition to the defendants' motion'") (quoting *Askins v. Doe No. 1*, 727 F.3d 248, 252 (2d Cir. 2013)).

In response to InMode's explicit argument below that the parties' Israeli forum selection clause covers all of her claims, Dr. Brightman had ample opportunity to dispute the scope of that clause. But she never did so, and certainly never argued that the 2010 Agreement's forum selection clause only covered some

of her claims.  JA128-129 (citing *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)).  Her silence led the District Court to conclude that the parties did "not dispute" the point that she now advances for the first time on appeal.  *Compare* JA164, *with* Opening Br., p. 25 (arguing for the first time that the so-called "2nd and 3rd Agreements" are not "subsumed into" the 2010 Agreement's forum selection clause).  This argument has been waived, and the Court need not consider it on appeal.

> B. *Even if Dr. Brightman had not waived it, her argument fails on the merits.*

As InMode explained below, the 2010 Agreement's forum selection clause broadly applies to "any suit . . . arising out of or relating to the [2010] Notice, the [Option] Plan, or this [2010] Agreement."  JA70.  Further, it is undisputed that: (i) all InMode stock options before 2018 arose out of the Option Plan, *see* JA21; and (ii) all of Dr. Brightman's claims "aris[e] out of or relat[e] to" the award of InMode stock options.  JA94.  They thus fall within the scope of the 2010 Agreement's forum selection clause, and must be litigated in Israel, as the District Court properly held.

Indeed, by signing the 2010 Notice, Dr. Brightman agreed that any stock options were "subject to the terms and conditions of this [2010] Notice . . . the . . . Option Plan . . . and the [2010] Agreement."  JA88.  She also expressly represented to InMode that: (i) she had received "a copy of the [Option] Plan and the [2010] Agreement"; (ii) she was "familiar with the terms and provisions thereof"; and (iii)

she "accepts the Option **subject to all of the terms and provisions hereof and thereof.**" JA89 (emphasis added). She further indicated that she had reviewed the Notice, the Option Plan, and 2010 Agreement in their entirety, had an opportunity to confer with her counsel, and fully understood the provisions of all three agreements. JA89.

Dr. Brightman cannot escape these or any of the other provisions of the 2010 Agreement or the 2010 Notice—both of which she admittedly signed—simply because their terms no longer suit her. Like all parties who knowingly sign contracts after arms-length negotiations, Dr. Brightman must be held to the express terms of her bargain. Her arguments on appeal should be rejected, and the District Court's Order should be affirmed in all respects.

## <u>CONCLUSION</u>

For the foregoing reasons, the District Court's Order and Judgment dismissing the Complaint should be affirmed in their entirety.

Dated:      December 14, 2023
            Washington, D.C.

            Respectfully submitted,

            /s/BRIAN D. KOOSED
            BRIAN D. KOOSED
            K&L GATES LLP
            1601 K Street, NW
            Washington, D.C. 20006
            (202) 778-9204
            brian.koosed@klgates.com

                – and –

            TRE A. HOLLOWAY
            K&L GATES LLP
            134 Meeting Street, Suite 500
            Charleston, South Carolina 29401
            (843) 579-3429
            tre.holloway@klgates.com

            *Attorneys for Defendant-Appellee*

## <u>CERTIFICATE OF COMPLIANCE</u>

1. This brief complies with the type-volume limitation of Fed.R.App.P.32(a)(7)(B) because:

   This brief contains 6,745 words, excluding the parts of the brief exempted by Fed.R.App.32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed.R.App.P.32(a)(5) and the type style requirements of Fed.R.App.P32(a)(6) because:

   This brief has been prepared in Proportionally-Space typeface using

   Microsoft Word, in Times New Roman, Font Size 14.

Dated:      December 14, 2023
            New York, New York

/s/BRIAN D. KOOSED
BRIAN D. KOOSED
K&L GATES LLP
1601 K Street, NW
Washington, D.C. 20006
(202) 778-9204
brian.koosed@klgates.com

– and –

TRE A. HOLLOWAY
K&L GATES LLP
134 Meeting Street, Suite 500
Charleston, South Carolina 29401
(843) 579-3429
tre.holloway@klgates.com

*Attorneys for Defendant-Appellee*

31