# 23-1221

IN THE

# United States Court of Appeals

## FOR THE SECOND CIRCUIT

◆◆

DR. LORI A. BRIGHTMAN, AN INDIVIDUAL,

*Plaintiff-Appellant,*

—against—

INMODE LTD., A FOREIGN LIMITED LIABILITY CORPORATION,

*Defendant-Appellee,*

DOES 1-10, INCLUSIVE, ROE CORPORATIONS 11-20, INCLUSIVE,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

## REPLY BRIEF FOR PLAINTIFF-APPELLANT

JOSHUA T. REITZAS
BERLANDI NUSSBAUM & REITZAS LLP
125 Park Avenue, 25th Floor
New York, New York 10017
(212) 804-6329

*Attorneys for Plaintiff-Appellant*

**TABLE OF CONTENTS**

**INTRODUCTION**……………………………………………………...…..1
**ARGUMENT**……………………………………………………………...2
    **A.**    **Dr. Brightman did not sign a document that modified the 2009 RFAL Agreement or the 2011 Fractora Agreement to include a Forum Selection Clause**……………………………………………………….2
    **B.**    **This Court should reserve the dismissal of all of Dr. Brightman's claims because the 2009 and 2011 Agreements did not include a Forum Selection Agreement**…………………………………………………..3
    **C.**    **The Forum Selection Clause does not govern the venue for the quasi-contract and tort claims that were alleged by Dr. Brightman**…….6
    **D.**    **Even if Dr. Brightman did not raise some of her Arguments below, this Court should exercise its discretion and consider them because they are purely legal arguments that can be resolved based upon the plain text of documents that Defendant contends controls the outcome of this Appeal**………………………………………………………………….8
**CONCLUSION AND RELIEF REQUESTED**……………………………11
**CERTIFICATE OF COMPLIANCE**…………………………………...12

# INDEX OF AUTHORITIES

## Cases

*In re American Bank Note Holographics*, 127 F. Supp. 2d 418 (S.D.N.Y. 2001)……………………………………………………………………..9
*Petkanas v. Petkanas*, 2021 NY Slip Op. 00581, ¶¶ 1-2, 191 A.D.3d 708 140 N.Y.S.3d 586 (2021)…………………………………………………………..6
*Sniado v. Bank Aus. Ag.*, 378 F.3d 210 (2d Cir. 2004)………………………………8
*Wal-Mart Stores, Inc. v. Visa USA Inc*, 396 F.3d 96 (2d Cir. 2005)…………………8

## Rules and Statutes

UCC 8-113…………………………………………………………………………6

## INTRODUCTION

In its Brief on Appeal (the "Opposition"), Defendant-Appellee InMode Ltd. relies primarily upon a Forum Selection Clause found in the 2010 Option Award Agreement (JA91-94) (the "Award Agreement") and referenced by the 2010 Notice of Stock Option Award (JA88-89) (the "Notice"). In her Opening Brief, Dr. Brightman explained why this Forum Selection Clause was not enforceable because (1) there was no consideration to modify the 2009 Agreement pursuant to which Dr. Brightman conducted the 2009 clinical trial (the "First Agreement" or "2009 Clinical Trial Agreement") and (2) Defendant fraudulently induced Dr. Brightman to sign the 2010 Notice and Award Agreement. (Opening Brief, pp. 14-25). Moreover, the Opposition simply fails to refute the non-enforceability of the said clause. As such, Court must reverse the District Court decision to dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(3) because the Forum Selection Clause does not apply.

The First Amended Complaint ("FAC") alleged that Defendant breached the 2009 Clinical Trial Agreement. The FAC also alleged that Defendant had breached two other agreements Defendant had made with Dr. Brightman. One of these agreements related to services that Dr. Brightman performed with respect to Defendant's RFAL product (the "Second Agreement" or the "RFAL Agreement"). The other, which was entered into in 2011, related to additional service that Dr.

1

Brightman performed to assist Defendant with its Fractora product (the "Third Agreement" or the "Fractora Agreement"). Nowhere in the Opposition does Defendant ever dispute that Dr. Brightman performed the services required by these two Agreements, yet Defendant insists that Dr. Brightman is not entitled to the stock options it promised in return.

For the reasons discussed below, dismissal was improper and this Court must reverse the District Court's decision to dismiss the First Amended Complaint.

**ARGUMENT**

**A.    Dr. Brightman did not sign a document that modified the 2009 RFAL Agreement or the 2011 Fractora Agreement to include a Forum Selection Clause.**

In her Opening Brief, Dr. Brightman explained why the 2010 Notice constituted a material modification to the First Agreement that was not enforceable for lack of consideration. (Opening Brief, pp, 15-16). Defendant contends that no consideration was required to modify the First Agreement and add the Forum Selection Clause under a statutory provision, New York General Obligations Law § 5-1103. (Appellee's Brief, pp. 17-19). Defendant further argues that Dr. Brightman's signing the written 2010 Notice and the 2010 Award Agreement "obviates the need for any additional consideration [to add the Forum Selection Clause]." (Appellee's Brief, p. 18). As Dr. Brightman's Opening Brief explains, the addition of the Forum Selection Clause required consideration because it was a significant enough

2

modification to constitute a new agreement and because Dr. Brightman had already completed her performance under the 2009 Clinical Trial Agreement. However, Defendant does **not** contend Dr. Brightman executed similar writings to modify the 2009 RFAL Agreement or the 2011 Fractora Agreement even despite there is no consideration. And since a written modification does not exist, Section 5-1103 does not apply.

The Opposition fails to demonstrate that Dr. Brightman received the necessary additional consideration for the modification of the 2009 RFAL Agreement and 2011 Fractora Agreement. Therefore, this Court should find that Defendant has failed to show that there is a binding modification of the Second and Third Agreements to include a Forum Selection Clause. Accordingly, this Court should minimally reverse the dismissal of the breach of contract claims related to the 2009 RFAL Agreement and the 2011 Fractora Agreement.

B. **This Court should reverse the dismissal of all of Dr. Brightman's claims because the 2009 and 2011 Agreements did not include a Forum Selection Agreement.**

In her Opening Brief, Dr. Brightman explained why the District Court improperly concluded that the Second and Third Agreements were subject to the Forum Selection Clause in the 2010 Notice and Award Agreement. (Opening Brief, pp. 25-28). Defendant contends that the Forum Selection Clause from the 2010 Notice and Award Agreement applies because (a) all of Defendant's stock options

3

arose out of the 2008 Option Plan and (b) Dr. Brightman's claims "arise out of or relate to the award of Defendant's stock options." (Appellee's Brief, p. 28) (cleaned up).

Dr. Brightman never signed the 2008 Option Plan, and it is not an agreement that she made with Defendant. The Award Agreement does expressly state that it incorporates the 2010 Notice and the 2008 Option Plan by reference. (Award Agreement, ¶ 1, JA91). The 2010 Notice also expressly states that it is subject to Award Agreement and the 2008 Option Plan. (Notice, JA88). Both the Award Agreement and the Notice are identified with the same Award Number (20100412). (Notice, JA88 and Award Agreement, JA91). The Award Agreement further contains an integration clause, which provides that the Notice, the Award Agreement and the 2008 Plan "constitute the entire agreement of the parties with respect to the subject matter hereof. . . ." (Award Agreement, ¶ 11, JA93).

The critical question, then, is what is the "subject matter hereof". Reading these three documents together, the only reasonable conclusion is that the subject matter is the award of 7,000 shares of stock pursuant to the 2009 Clinical Trial Agreement. This award of 7,000 shares[1] is the one specifically referenced by Notice.

---

[1] Notably, the Notice erroneously refers to 7,000 shares instead of the 7,500 shares included in the April 9, 2009 E-Mail agreement performed by Dr. Brightman before the Notice was ever presented.

(Notice, JA88). Moreover, the timing of the issuance of the Notice is consistent with its being related to the 2009 Clinical Trial Agreement, which had been completed by the date of issuance.

However, if Defendant is correct and the Notice is enforceable, then it applies to the 2009 Clinical Trial Agreement. But, there is no reference whatsoever in the Notice or the Award Agreement to either the RFAL Agreement or the Fractora Agreement. Therefore, these two Agreements are outside the "subject matter" of the Notice and Award Agreement. As a result, while the phrase "any dispute" may include[2] all claims related to 2010 Notice or 2009 Clinical Trial Agreement, the phrase "any dispute" does not encompass those related to the RFAL or Fractora Agreements.

Defendant contends that its 2008 Option Plan (JA 96-108) requires that all stock options be made by a signed writing. (Appellee's Brief, p. 10). Even if the 2008 Option Plan is incorporated into 2009 Clinical Trial Agreement by the 2010 Notice and Award Agreement, Dr. Brightman and Defendant did not enter into a similar agreement to incorporate the 2008 Option Plan into the 2009 RFAL Agreement or the 2011 Fractora Agreement. Accordingly, Dr. Brightman never agreed that the 2008 Stock Option Plan affected these two Agreements. Therefore,

---

[2] As explained below, any dispute also does not encompass disputes that are not based upon the contractual language of the 2009 Clinical Trial Agreement.

5

its provisions do not require that stock options to Dr. Brightman be in writing.

Moreover, under New York law, an agreement for the sale of options is not required to be in writing. *See* UCC 8-113(a); *Petkanas v. Petkanas*, 2021 NY Slip Op. 00581, ¶¶ 1-2, 191 A.D.3d 708, 709, 140 N.Y.S.3d 586, 588 (2021). Without writings like the 2010 Notice and Award Agreement, Defendant does not have a legal basis for establishing that all stock options to Dr. Brightman must be in writing. More importantly, Defendant's failure to issue a Notice and Award Agreement with respect to the other two agreements does not prevent the enforcement of the other two option agreements under New York law.

Therefore, this Court should find that Dr. Brightman never agreed that the RFAL and Fractora Agreements were subject to the 2008 Plan or the Award Agreement. As a result, it should further conclude that the Forum Selection Clause does not apply to these Agreements and reverse the decision to dismiss the breach of contract claims related to them.

### C. The Forum Selection Clause does not govern the venue for the quasi-contract and tort claims that were alleged by Dr. Brightman.

In her Opening Brief, Dr. Brightman explained why the Forum Selection Clause did not apply to the quasi-contract and tort claims that she alleged in the FAC. (Opening Brief, pp. 25-28). In response, Defendant argues that the Forum Selection Clause "broadly applies to 'any suit arising out of or relating to the [2010] Notice,

6

the [Option] Plan, of this [2010] Agreement.'" (Appellee's Brief, p. 28) (alterations in original).

Dr. Brightman's Third Cause of Action is for Unjust Enrichment while her Fourth is for Fraud. (FAC, pp. 14-16, JA 42-43). Neither claim is dependent upon the existence or application of the 2010 Notice, the Option Plan or the Award Agreement. It is undisputed that Dr, Brightman did significant additional work for Defendant after the 2009 Clinical Trial was concluded. The 2011 Fractora Agreement was entered into after the 2010 Notice was issued. Dr. Brightman's complete performance of her contractual obligations under that Agreement occurred after the 2010 Notice was issued. Temporally, then, neither the 2011 Fractora Agreement, its performance by Dr. Brightman or its breach "arise out of or are related to" the 2010 Notice. Therefore, the Forum Selection Clause does not apply to her Unjust Enrichment and Fraud Claims related to the 2011 Fractora Agreement.

Similarly, the majority of the work performed by Dr. Brightman with respect to the RFAL Agreement was performed after the 2010 Notice was issued. Accordingly, neither the RFAL Agreement nor its performance by Dr. Brightman "arise out of or are related to" the 2010 Notice. Therefore, Dr. Brightman's claims related to Defendant's breach of the RFAL Agreement are not subject to the Forum Selection Clause.

As such, this Court should reverse the decision to dismiss Dr. Brightman's

quasi-contract and tort claims because the Forum Selection Clause does not apply.

> **D.      Even if Dr. Brightman did not raise some of her Arguments below, this Court should exercise its discretion and consider them because they are purely legal arguments that can be resolved based upon the plain text of documents that Defendant contends controls the outcome of this Appeal.**

Defendant argues that this Court should not consider Dr. Brightman's arguments about the applicability of the 2010 Notice to the 2009 RFAL Agreement and the 2011 Fractora Agreement because Dr. Brightman is raising them for the first time. (Appellee's Brief, pp. 25-28). While Defendant's recitation of the general rule that this Court should not consider new arguments on appeal is accurate, this Court may exercise discretion. *Id*. Specifically, this Court may consider a new argument "to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Sniado v. Bank Aus. Ag.*, 378 F.3d 210, 213 (2d Cir. 2004).

Contrary to Defendant's contention, the case law cited in the Opposition with respect to the general rule does not apply here because they lack the relevant exceptions from that rule.  For example, in *Wal-Mart Stores, Inc. v. Visa USA Inc*, 396 F.3d 96, 124 n. 29 (2d Cir. 2005), this Court refused to consider a challenge that the appellant tried to raise for the first time on appeal regarding the amount of attorney fees that class action counsel should receive. Determining the appropriate attorney fee for class counsel is a complicated and fact intensive inquiry that requires

the court to apply a multi-part test and may require an evidentiary hearing. *See, e.g., In re American Bank Note Holographics*, 127 F. Supp. 2d 418, 430-432 (S.D.N.Y. 2001) (summarizing different methodologies for determining attorney fees in class actions). Therefore, whether the lower court's fee award was appropriate would have required significant additional fact finding, and this Court properly refused to consider it.

In this case, however, Dr. Brightman raises pure legal questions that may be resolved simply by reviewing the text of the FAC and the documents that Defendant filed with the District Court and now contends control the outcome of this appeal. For example, Defendant contends that Dr. Brightman's argument explaining why the Forum Selection Clause does not apply to the RFAL Agreement or the Fractora Agreement is a new argument on appeal. Even if that argument was not fully raised and briefed below, Dr. Brightman's argument is based upon the text of the 2010 Notice and Award Agreement. Both documents are already part of the record. Therefore, no additional fact finding is necessary to consider this issue.

Moreover, Defendant not only raised issues regarding the scope of the Forum Selection Clause, but it has also already briefed them, both in this Court and in the lower court. As a result, there is no prejudice to Defendant if this Court exercises its discretion and considers the merits of the Defendant's arguments regarding the scope of the Forum Selection Clause. Finally, if the Forum Selection Clause does not apply

to the 2009 RFAL Agreement, the 2011 Fractora Agreements or Dr. Brightman's tort claims, it would be manifestly unjust to require her to litigate these claims in another country and under another country's laws.

Accordingly, even if this Court finds that Dr. Brightman did not completely raise these issues below, this Court should exercise its discretion and review her arguments regarding the scope of the Forum Selection Clause because no further fact finding is required, there is no prejudice to Defendant because it raised the issue of the scope of this clause and there would be a manifest injustice in forcing Dr. Brightman to litigate these claims in a foreign forum when she never expressly agreed to do so. Therefore, this Court should consider the scope of the Forum Selection Clause and find that it does not include Dr. Brightman's breach of contract claims regarding the RFAL and Fractora Agreements or the quasi-contact and tort claims.

*[REMAINDER OF THIS PAGE LEFT INTENTIONALLY BLANK]*

## CONCLUSION AND RELIEF REQUESTED

This Court should reverse the District Court decision to grant Defendant's

Motion to Dismiss.

Dated:       December 28, 2023
             New York, New York


### BERLANDI NUSSBAUM & REITZAS LLP

By:  */s/ Joshua T. Reitzas_____*
       Joshua T. Reitzas (JR2149)
       125 Park Avenue, 25th Floor
       New York, New York 10017
       (212) 804-6329 (Ph)
       (646) 461-2312 (fax)
       *Attorneys for Appellant*
       *Dr. Lori A. Brightman*

11

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Fed. R. App. P. 32(a), that according to the word count feature of the word processing program used to prepare this brief, the brief contains 2,314 words, is proportionately spaced, and complies with the type-face requirements and length limits of Rule 32(a)(5)-(7) and Local Rule 32.1.

Dated:      December 28, 2023
            New York, New York

**BERLANDI NUSSBAUM & REITZAS LLP**

By: */s/ Joshua T. Reitzas_____*
    Joshua T. Reitzas (JR2149)
    125 Park Avenue, 25th Floor
    New York, New York 10017
    (212) 804-6329 (Ph)
    (646) 461-2312 (fax)
    *Attorneys for Appellant*
    *Dr. Lori A. Brightman*